(99 South. 588)

No. 24446.

### LEE v. KOESTER.

(Feb. 25, 1924. Rehearing Denied by Division A March 24, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Divorce ⬡209—Alimony pendente lite merely incident of suit.**

Alimony pendente lite in a suit for separation, or for divorce, is merely an incident of the suit.

**2. Divorce ⬡210—Dismissal of separation suit destroys right to alimony pendente lite.**

Where a suit for separation has been finally determined by dismissal, and no appeal has been taken, the right to alimony because of the suit falls, and even if the alimony be in arrears it cannot thereafter be enforced.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Mrs. Eola Ladora Lee, wife, against John T. Koester, husband. Judgment for plaintiff, and defendant appeals. On defendant's motion to dismiss. Appeal dismissed.

Paul L. Fourchy and N. E. Humphrey, both of New Orleans, for appellant.

George P. Platt and Frederick G. Veith, both of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. This is an appeal from a judgment rendered in favor of plaintiff against her husband, John T. Koester, refusing to reduce a judgment allowing alimony to plaintiff, during the pendency of the litigation, in a suit for separation from bed and board.

The defendant, who is also the appellant, has filed a motion to dismiss the appeal on the ground that, since the lodging of the transcript in this court, the suit for separation has been tried on its merits and judgment rendered dismissing plaintiff's demand as in case of nonsuit, and rejecting a reconventional demand for a separation filed by defendant. Defendant has attached to his motion a certified copy of the judgment rendered, which shows that the judgment was rendered as above stated. The judgment was signed on November 9, 1922, and since then more than the year allowed for a devolutive appeal has elapsed, but no appeal has been taken.

[1, 2] In our opinion, the motion should be allowed. Alimony, pendente lite, in a suit for separation, or for divorce, is merely an incident of such suit. The suit for separation having been finally determined, and no appeal having been taken from the judgment rendered therein, the right to alimony, because of the suit, falls. Even as to alimony in arrear, if there should be any, we are not of the opinion that payment of it may be now enforced by the wife. The situation is the same as if no suit for separation had been filed. Hence the question as to whether the alimony should be reduced has become a dead issue.

For the reasons assigned, the motion is allowed, and the appeal is accordingly dismissed, at appellant's costs.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.