ROGERS, Justice.
 

 Plaintiff sued his wife for a separation from bed and board on the ground of cruelty. Defendant reconvened demanding, in turn, a separation from bed and board on the ground of ill treatment. Defendant also, by rule, demanded alimony pendente lite, which, after hearing, was fixed by the trial judge at the rate of $50 a month. ’From that judgment, plaintiff has appealed.
 

 After the transcript of appeal was filed in this court, the district court, on plaintiff’s motion, dismissed his demand as of nonsuit, without prejudice, however, to defendant’s reconventional demand.
 

 Appellant then filed in this court a plea in abatement and a plea of estoppel, alleging that appellee’s demand for alimony so far as it was based on appellant’s suit had abated, and that appellee is estopped to prosecute it so far as it is based on her reconventional demand.
 

 Alimony pendente lite, in a suit for separation, or for divorce, is merely an incident of such suit. Plaintiff’s suit for separation having been dismissed as in case of nonsuit, and no appeal having been taken from the judgment of dismissal, defendant’s right to claim alimony, because of the suit, necessarily falls. Lee v. Koester, 155 La. 756, 99 So. 588.
 

 But the dismissal of plaintiff’s suit did not carry with it the dismissal of defendant’s reconventional demand. Defendant, having become plaintiff when by way of reconvention she set up an independent demand for a separation, is entitled to alimony pendente lite until the' final disposition of her demand. Landreaux v. Landreaux, 114 La. 528, 38 So. 442; Nissen v. Farquhar, 121 La. 642, 46 So. 679.
 

 Appellant’s plea of estoppel is not well founded. It is based on an affidavit executed by defendant in which she retracted her charges of ill treatment in a suit for
 
 *307
 
 a separation she had previously brought against her husband. Shortly after defendant executed the affidavit, she voluntarily dismissed her suit. The judgment of dismissal was rendered on October 31, 1935, and on the same day plaintiff instituted the present suit for a separation against his wife, in which she reconvened, asking that she, and not her husband, be given the separation.
 

 Without pleading the affidavit executed by defendant as an estoppel to her demand in reconvention, plaintiff, on the trial of the rule for alimony, sought to cross-examine defendant as to the execution of the affidavit. On objection of her attorney, the trial judge ruled that he would permit the cross-examination only to test the credibility of defendant. Obviously, the ruling was correct. The effect to be given to the affidavit, if it should be properly set up as a defense to the reconventional demand, must be determined after a trial on the merits shall have disclosed all the facts and circumstances under which it was executed. The trial judge apparently considered that defendant’s credibility was not affected by the affidavit, since he sustained her demand for alimony. We think he was correct in so doing.
 

 In his brief, appellant suggests, but does not demonstrate, that the amount of alimony awarded defendant is excessive. Our reading of the record leaves us unconvinced that such is the case.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.