ODOM, Justice.
 

 In the early part of 1937, plaintiff sued her husband for separation from bed. and board, and as an incident of the suit prayed for alimony pendente lite, under Article 148 of the Revised Civil Code.
 

 On March 12, 1937, the trial judge ordered defendant to pay plaintiff $19.85 per week as alimony for the support of herself and the two minor children of the marriage. The defendant appealed from the judgment ordering him to pay alimony, and the judgment was affirmed by this court on March 7, 1938, and rehearing was denied on April 4, 1938. 189 La. 686, 180 So. 487.
 

 On December 2, 1938, while her suit for separation was pending in the district court, plaintiff, alleging that defendant had failed and refused to pay to her the sums due under the judgment, ruled him to show cause why the amount' due and unpaid should not be definitely determined, fixed, and rendered “exigible and executory under the aforesaid judgment”.
 

 She alleged that defendant had, “at irregular times, sent varying amounts of money directly to the aforesaid children, which said amounts the defendant is not entitled to have applied on the amounts due under the aforesaid judgment”.
 

 After hearing testimony pro and con, the trial judge concluded that defendant was due plaintiff alimony in the sum of
 
 *625
 
 $1,905.60, less credits amounting to $750, or a balance of $1,155.60, and rendered judgment reading as follows:
 

 "And it is further ordered, adjudged and decreed that, under and on the judgment of March 12th, 1937 in favor of said plaintiff and against said defendant for alimony pendente lite, there remains unpaid to said plaintiff, and now due, exigible and executory, the full amount of Eleven Hundred and Fifty-Five and 60/100 ($1155.60) Dollars; and it is further ordered that the defendant in rule pay the cost of this proceeding.”
 

 From this judgment defendant appealed.
 

 In connection with the defense urged by defendant, it is proper to state here that on September 19, 1938, while plaintiff’s suit for separation was pending, defendant filed suit against his wife for divorce on the ground that they had been living apart for more than two years. Judgment in his favor for divorce was rendered on December 5, 1938, three days after plaintiff filed this rule to have the amount Of alimony due her definitely fixed. And on February 8, 1939, there was judgment dismissing plaintiff’s suit for separation.
 

 The rule to fix alimony filed on December 2, 1938, was first made returnable on December 5. But, on objection that sufficient time had not been allowed, the order was amended by making the rule returnable on December 12. On that day, when the rule was called up, counsel for defendant filed an exception thereto on the ground that:
 

 “The above cause has been, ipso facto, merged into the final judgment rendered by this court, on Dec. 5th, 1938, in the cause No. 11245 Jasper K. Wright v. Coralie May Cotton, and Summary proceedings herein are no longer permissible.”
 

 This, in effect, is a plea in abatement.
 

 The exception was referred to the merits. On the same day the rule was heard on the merits and taken under advisement. There was judgment for plaintiff on January 10, 1939, overruling the exception and fixing the amount of alimony due as already stated.
 

 There seems to have been no formal answer filed to the rule. But the record shows that on January 12, 1939, defendant filed a motion for a new trial, on the ground that the judgment on the rule was contrary to the law and the evidence, for the following reasons:
 

 “1st. Because judgment for
 
 Divorce
 
 having been rendered between the parties, the suit for separation from bed and board herein, is merged into the judgment of Divorce and is no longer pending out of which a Rule may issue:
 

 “2nd. Because
 
 an order
 
 for alimony pendente lite does not create a
 
 debt
 
 due by the husband to the wife;
 
 debts
 
 between the spouses are unknown to our law:
 

 “3rd. Because if order for alimony created a debt, its non-payment could not be punished by
 
 imprisonment,
 
 without violating both State and Federal Constitution:
 

 “4th. Because it is
 
 not
 
 a
 
 debt
 
 it cannot be reduced to a moneyed judgment:
 

 “5th. Because alimony is enforceable only through contempt proceedings, and only pendente lite:
 

 
 *627
 
 “6th. Because judgment for divorce absorbs the lesser demand for separation, which, being no longer pendente lite, the order for alimony ipso facto falls:
 

 “7th. Because after judgment for divorce, uncollected alimony ordered pendente lite, is uncollectible because the relationship of husband and wife no longer exists: ”
 

 The major point stressed by counsel for defendant in his oral argument and in his brief-is that raised by the exception to the rule, or the plea in abatement, and in Paragraphs 1, 6, and 7 of his motion for a new trial. In sum, his point is that plaintiff’s suit for separation from bed and board passed out of legal existence on December 5, 1938, when the judgment in favor of the husband for divorce, against his wife, was signed; that thereafter the wife’s suit for separation was no longer pending and for that reason there is no suit “out of which a Rule may issue”.
 

 Counsel’s argument that, when the husband was granted an absolute divorce against his wife on the ground that they had been living apart for more than two years, his wife’s suit against him for separation from bed and board necessarily went out of legal existence, is sound.. She could proceed no further with her suit because he was no longer her husband. The bonds of matrimony were completely severed by the judgment of divorce.
 

 But counsel’s conclusion that
 
 the
 
 former wife’s rule to have the court determine and fix the total amount of alimony which accrued while her suit for separation was pending, and her right to collect the accrued alimony, abated the moment the judgment for divorce was granted, is- unsound. It finds no support in law.
 

 The parties to this rule, this litigation, were husband and wife until December S, 1938, when the judgment of divorce was granted, and up to that time it was his legal duty to support her. The right of a wife to claim alimony during the pendency of her suit against her husband for separation from bed and board or for divorce, or pending his suit against her for the same purpose, arises out of the law which obliges him “to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition” (R.C.C. Art. 120). This right is recognized by Article 148, as amended by Act No. 130, page 154, of 1928, which provides that:
 

 “If the wife has not a sufficient income for her maintenance, pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 What the plaintiff .in rule is now claiming is the amount of alimony awarded her by the court, which accumulated during the pendency of her suit for separation. She is claiming what the court allowed her for support while she was defendant’s wife..
 

 Counsel for defendant says in his brief at page 12:
 

 “The only question presented, falls under the authority of the Lee v. Koester
 
 *629
 
 case, reported in 155 La. 756 [99 So. 588], cited in [Williams v. Spivy] 185 La. [304] 306 [169 So. 347].”
 

 And he propounds the following query: “Can the wife, after her suit is dismissed, retain a judgment (?) for alimony uncollected pendente lite?” And he says, “If there is any thing stare decisis in Louisiana, the question answers itself.”
 

 By this 'we take it that he means that the ruling in Lee v. Koester, 155 La. 756, 99 So. 588, is decisive of the issue here involved. We do not think it is. Counsel has not correctly interpreted the court’s ruling in that case. In that case there was an appeal from a judgment fixing the amount of alimony “during the pendency of the litigation, in a suit for separation from bed and board”. In this court the husband filed a motion to dismiss the appeal on the ground that: “since the lodging of the transcript in this court, the suit for separation has been tried on its merits and judgment rendered dismissing plaintiff’s demand as in case of nonsuit, and rejecting a reconventional demand for a separation filed by defendant.”
 

 The motion to dismiss was sustained, the court saying:
 

 “Alimony, pendente lite, in a suit for separation, or for divorce, is merely an incident of such suit. The suit for separation having been finally determined, and no appeal having been taken from the judgment rendered therein, the right to alimony, because of the suit, falls. Even as to alimony in arrear, if there should be any, we are not of the opinion that payment of it may be now enforced by the wife.”
 

 Counsel relies on this statement as being decisive of the point involved in the instant case. But he has overlooked the reason underlying the ruling in the above cited case, which reason was, as stated by the court in one sentence immediately following the above quoted portion of the opinion, that:
 

 “The situation is the same as if no suit for separation had been filed.”
 

 The reason why the situation was the same as if no suit for separation had been filed is that there was a “judgment rendered dismissing plaintiff’s demand as in case of nonsuit”, and there was no appeal “from the judgment rendered therein” — i. e., from the judgment of nonsuit. So the wife was in the same situation as if she had never brought suit for separation, and, since the claim for alimony is an incident to the suit for separation or divorce, the wife’s claim for alimony had no legal foundation upon which to rest. The judgment dismissing her suit for separation “as in case of nonsuit” cut the ground from under her claim for alimony. The question involved in the appeal was whether the wife was entitled to alimony. She was not in court attempting to collect alimony which had accrued under a final •decree of the court.
 

 A similar ruling was made in Williams v. Spivy, 185 La. 304, 169 So. 347, 348. There a husband sued his wife for separation from bed and board on the ground of cruelty. The wife reconvened, demanding
 
 *631
 
 a separation on the ground of ill treatment, and by rule demanded alimony, which was fixed at $50 a month. The husband, plaintiff in the main suit, appealed. Pending the appeal in this court, the district court, on plaintiff’s motion, dismissed his demand as of nonsuit. The husband, who was appellant, filed in this court a plea in abatement and a plea of estoppel, alleging that “appellee’s demand for alimony
 
 so far as it was based on appellant’s suit had abated”.
 
 (Italics are the writer’s.)
 

 The plea in abatement was sustained on the ground that the suit of the husband, who was appellant, had, on his motion, been dismissed as in case of nonsuit. The wife’s judgment for alimony was granted as an incident to his suit and not to hers in reconvention. We said:
 

 “Alimony pendente lite, in a suit for separation, or for divorce, is merely an incident of such suit. Plaintiff’s suit for separation having been dismissed as in case of nonsuit, and no appeal having been taken from the judgment of dismissal, defendant’s right to claim alimony, because of the suit, necessarily falls. Lee v. Koester, 155 La. 756, 99 So. 588.”
 

 We held, however, that, in as much as the dismissal of the husband’s suit did not carry with it a dismissal of the wife’s re-conventional demand, she was entitled to alimony pendente lite until the final disposition of her suit. The ruling in this case is the same as in Lee v. Koester, supra, and rests upon the same principle, which is that, after the dismissal of the suit as in case of nonsuit, “The situation is the same as if no suit for separation had been filed”.
 

 The issue involved in the above case clearly was whether a wife who had by rule obtained a judgment of alimony pendente lite was entitled to an affirmance of that judgment when the suit for separation, as an incident of which the alimony had been awarded, had been dismissed as in case of nonsuit and no appeal had been taken from the judgment of dismissal.
 

 The issue in the case at bar is different. Plaintiff by this proceeding is not claiming alimony pendente lite. She is merely seeking to enforce a final judgment of this court for installments of alimony which accrued while defendant was her husband.
 

 The defendant did not deny at the trial of the rule that his wife had a final judgment against him for a debt. In fact, he has admitted it by pleading payment. When this rule was brought against him to have determined and fixed the balance due on the judgment, he claimed that he had paid the judgment in full, and, to prove that he had, offered and filed in evidence 49 checks amounting in the aggregate to $750, all payable to the two. children of the marriage, who were in the custody of the mother by order of the court. He claimed credit for the amount of the checks and for certain bills which he had paid, and the question whether he was entitled to su.ch credit was one of the issues involved in the trial of this rule. He introduced also certain accounts showing that he had purchased goods, such as clothing, for the children. Copies of these
 
 *633
 
 checks and accounts covered 69 pages of the record.
 

 Counsel for defendant in his brief at page 2 says this is an appeal from an interlocutory decree, fixing alimony awarded in 1937, “which
 
 plaintiff
 
 in rule thinks is in arrears as much as $1155.60, and which the
 
 defendant'
 
 thinks he has overpaid, but which he was prohibited from proving overpayment, because the overpayment was not made in
 
 cash,
 
 but in payment of bills and the furnishing of supplies”.
 

 This dispute as to whether the judgment for alimony had been paid prompted plaintiff to bring this proceeding by rule, to have the court determine whether it had been paid in full, and, if not, the balance due, so that execution might issue for a definite amount.
 

 Plaintiff had a final judgment against defendant for money. That judgment was her property. Article 548 of the Code of Practice says “A judgment, when once rendered, becomes the property of him in whose favor it has been given”. Her judgment was susceptible of enforcement through a writ of fieri facias. But she could not execute her judgment because the exact amount due was not known and was in dispute; hence this proceeding to determine and fix the amount.
 

 In Edwards v. Perrault, 170 La. 1011, 129 So. 619, 621, it was said that, “where a judgment allows alimony payable at certain periods, and by reason of insufficient and irregular payments arrears have accumulated so that the amount due is indefinite and cannot be easily ascertained, some proceeding, judicial or otherwise, should be taken to ascertain the amount as a guide to the clerk and as a basis on wb'ch the execution can be issued”.
 

 That is precisely the situation in the case at bar, and plaintiff in this proceeding by rule is doing what the court said in the above cited case should be done. In that case, however, the court said it was not necessary for the wife to take such steps because the defendant admitted the amount claimed.
 

 Counsel’s theory seems to be that, in as much as plaintiff’s suit for separation was dismissed after defendant was granted a divorce on the ground of two years’ separation, there is no suit pending as an incident of which alimony pendente lite may be awarded. It is true, as he argued, that a decree for alimony pendente lite is an incident of a suit for separation or for divorce. But plaintiff by this proceeding is not seeking to have the court award her alimony. She is seeking to collect past-due installments of alimony awarded in March, 1937, as an incident to her suit for separation which was then pending, the judgment awarding the alimony and fixing the amount of the weekly installments to be paid having become final prior to the date on which she instituted the present proceeding.
 

 Counsel in his motion for a new trial set out that the judgment was contrary to the law because a decree ordering a husband to pay alimony does not create a debt against the husband in favor of the wife; that because alimony is not a debt it cannot be reduced to a money judgment; be
 
 *635
 
 cause a decree for alimony is enforceable only through contempt proceedings.
 

 Counsel’s argument that a decree or judgment ordering a husband to pay alimony does not create a debt against the husband in favor of the wife is correct in a purely technical sense. In the recent case of Wright v. Wright, 189 La. 539, 179 So. 866, 867, we reaffirmed the doctrine laid down in State ex rel. Huber v. King, 49 La.Ann. 1503, 22 So. 887, which, in sum, is that a decree ordering the husband to pay alimony is nothing more than a judicial sanction and enforcement of the duty of the husband to support his wife; that the right of a wife to demand and receive support “is something other and different than a right to receive and be paid a technical debt”; that judgments or decrees in such cases recognizing the right and ordering its enforcement “are not necessarily judgments for debt”; and that “The mere fact that the judicially recognized right may be enforced through fieri facias is not determinative of its legal character”.
 

 But the argument that, because alimony is not a debt in the strict legal or technical sense, no money judgment can be rendered therefor, and that such decrees can be enforced only through contempt proceedings, is contrary to the settled jurisprudence of this state.
 

 In Baker v. Jewell, 114 La. 726, 38 So. 532, 533, speaking of a decree for alimony pendente lite, the court said on original hearing:
 

 “That that decree was susceptible of judicial enforcement through- a writ of fieri facias was held by this court in the case of Compton v. Airial, 9 La.Ann. 496, cited in the judgment of the Court of Appeal.”
 

 The court on rehearing held, however, that the judgment for alimony in that case was null because the defendant; being an absentee, was not cited. But it did not set aside or modify its former ruling' that “a decree for alimony is a judgment for money, subject to appeal, and susceptible of enforcement through a writ of fieri facias”.
 

 In. the case of Edwards v. Perrault, supra, it was held that “A judgment debtor for alimony may be proceeded against for contempt of court for not paying the alimony as decreed,
 
 and at the same time execution against his property may be issued to collect the amount due”.
 
 (Italics are the writer’s.)
 

 In Snow v. Snow, 188 La. 660, 177 So. 793, it was held that a decree ordering a defendant to pay alimony is a money judgment and is the property of the one in whose favor it was rendered (citing Code of Practice, Article 548). And the court cited with approval -the. rulings in Baker v. Jewell and Edwards v. Perrault, supra, that a decree for alimony is a judgment for money, susceptible of enforcement through a writ of fieri facias. It was further held definitely that the amount of the installments of the alimony fixed by judgment could not be changed as to past-due installments or installments which had accrued up to the date an application to reduce was made. The court so held after
 
 *637
 
 reviewing exhaustively the jurisprudence touching these subjects.
 

 Plaintiff in the instant case has a final judgment against defendant for alimony fixed at $19.85 a week. The amount of .these installments cannot now be changed because they have all accrued. The trial judge, in order to arrive at the balance due, multiplied $19.85, the amount of the installments fixed by the court, by the number of weeks which elapsed from the date of the judgment to the date the rule was filed, and from the result deducted the amount which he found defendant had paid, which was the correct method. He found the balance due to be $1155.60. We find, after reviewing the evidence, that the amount found to be due by the trial judge is correct.
 

 The result therefore is that plaintiff has a judgment against the defendant for $1155.60, which, under the jurisprudence of this state, is a money judgment and enforceable, the same as any other money judgment; and the fact that the bonds of matrimony have been severed between plaintiff and defendant affords no reason for holding that her right to collect that judgment has abated.
 

 The trial judge held that plaintiff’s judgment was “exigible and executory”. His ruling was correct.
 

 As relates to the amount which the judge found due, his finding was correct. Even though defendant was ordered in March, 1937, to pay his wife $19.85 per week for the support of herself and the two minor children of the marriage, and even though that judgment was affirmed by this court a year later, defendant, according to the testimony adduced at the trial of the present rule, has never paid to the wife any of- these installments. He did, however, during that time deliver checks to his children made payable to them, aggregating $750.00. These checks were endorsed by the children and collected by the mother, and the amounts used for their support. The trial judge held that, in as much as the wife actually received these amounts in cash, defendant should be given credit for them. But, as to the other amounts for which defendant claims credit, such as some small bills which he had paid for goods he had ordered, the court ruled that he was not entitled to credit for them because he could not dictate to his wife how the sums due her should be used. The judge ruled that, in as much as the children had been placed in her custody and the defendant had been required to pay to her each week a certain sum for the support of herself and the children, the disbursement of these sums was her privilege and responsibility, and that he had no right to dictate to her how the amounts should be used. We think his ruling was correct.
 

 For the reasons assigned, the judgment appealed from is affirmed, defendant to pay the costs of this proceeding.
 

 O’NIELL, C. J., absent