O’NIELL, Chief Justice
 

 (dissenting).
 

 The ruling in this case is founded upon the error which was made originally in the case of Ramos v. Ramos, 173 La. 407, 137 So. 196. The error was in the court’s holding that there was no law denying the right to a suspensive appeal from an order to pay alimony pendente lite. The law which denies the right to a suspensive appeal from an order to pay alimony pendente lite is in article 566 of the Code of Practice, where it is declared, substantially, that the right to appeal from an interlocutory judgment is limited to interlocutory judgments that might cause the appellant an irreparable injury. The declaration in Ramos v. Ramos, that there was no law denying the right to a suspensive appeal from an order to pay alimony pendente lite was repeated in Weyand v. Weyand, 169 La. 390, 125 So. 282, decided in 1929. The Ramos case was decided -in 1927 but was not yet reported when the Weyand case was decided. The declaration — that there was no law denying the right to appeal suspensively from an order to pay alimony pendente lite — was quoted again from Ramos v. Ramos in Demerell v. Gerlinger, 183 La. 704, 164 So. 633; where the court cited also Gormley v. Gormley, 161 La. 121, 108 So. 307; but the appeal in the Gormley case was from a final judgment rejecting a demand for a separation from bed and board, and it was held there that the appeal did not bring up for review the wife’s complaint that the husband had quit paying alimony after the suit for separation from bed and board was dismissed. The decision therefore had nothing to do with the question whether a man has the right to avoid his duty to support his wife during the pendency of a suit for divorce or for separation from bed and board, by taking a suspensive appeal from the order com • manding him to support his wife during the pendency of the suit.
 

 
 *782
 
 An order to pay alimony pendente lite is, in its very nature, an interlocutory order, because it abates when the suit for a divorce terminates. Lee v. Koester, 155 La. 756, 99 So. 588; Cotton v. Wright, 193 La. 520, 190 So. 665.
 

 The ruling that an order to pay alimony pendente lite may be suspended at the will of the man who is ordered to pay the alimony pendente lite, by his taking a suspensive appeal and furnishing a bond to pay in a lump sum the accumulations which ought to go to the support of the wife during the pendency of the suit, is not consistent with the phrase “pendente lite”. The allowing of a suspensive appeal from such an order thwarts the purpose of allowing alimony pendente lite. Article 148 of the Civil Code, which is the authority for allowing alimony pendente lite, declares that, in a suit for divorce or for separation from bed and board, if the wife has not a sufficient income for her maintenance while the suit is pending, the judge shall allow her a sum for her support, proportioned to her needs and to her husband’s means. That is a law of public policy. It is a means of compelling performance of the duty which every married man owes to his wife — as declared in article 120 of the Civil Code — “to furnish her with whatever is required for the convenience of life, in proportion to his means and condition”.
 

 The reason why the writers of the Civil Code deemed it necessary to provide, as they did in article 148, for the enforcement of the husband’s obligation to support iiis wife during the pendency of a suit for divorce or for separation from bed and board, is that during that period the husband and wife are separated and he is apt to neglect to provide for her support.
 

 The prevailing opinion in this case cannot be reconciled with the fact that an order to pay alimony pendente lite is.subject to amendment or rescission at any time by the judge who rendered the order, — and who has authority to enforce it by punishment for contempt.
 

 By Act 34 of 1902 the Legislature has made it a misdemeanor and has prescribed the penalty of fine or imprisonment, or both fine and imprisonment, for a man to neglect to support his wife or minor children in necessitous circumstances.
 

 It is not consistent with this criminal statute for a man to be allowed, as a matter of right, to suspend an order compelling him to provide for the support of his wife during the pendency of a suit for divorce or for separation from bed and board, by giving a bond to guarantee that he will pay off at the end of the lawsuit. A wife who “has not a .sufficient income for her maintenance pending the suit for separation from bed and board or for divorce” cannot go to market on the prospect of finally getting her monthly or weekly allowance in a lump sum out of a suspensive appeal bond at the end of the lawsuit.
 

 In the case of Arnold v. Arnold, 186 La. 323, 172 So. 172, 174, the jurisprudence was summed up thus:
 

 “In fact, the right of a wife to receive alimony during the pendency of a suit for di-. vorce or for separation from bed and board is merely [a corollary of] the obligation of the husband to support his wife, and is not at
 
 *784
 
 all dependent upon the merits or the outcome of the suit for divorce or for separation from bed and board. LeBeau v. Trudeau, 1 Mart.,N.S., 93; Lauber v. Mast, 15 La.Ann. 593; Holbrook v. Holbrook, 32 La.Ann. 13, 16; Suberville v. Adams, 46 La.Ann. 119, 125, 14 So. 518; Brouilette v. Mallet, 180 La. 787, 157 So. 594, 595.”
 

 The effect of the decisions which are followed in this case is to abolish the power or authority of the trial judge, in a suit for divorce or for separation from bed and board, to compel the husband to provide for the support of his wife during the pendency of the suit. Any man can furnish a suspensive appeal bond in such a case by depositing in escrow, or with his bondsman, the monthly or weekly payments which should go to the support of the wife.
 

 An example of the wrong which is so apt to result from such decisions as the court is approving in this case is the case of Cotton v. Wright, 187 La. 265, 174 So. 351; which is cited in the prevailing opinion in this case. In that case the wife sued for a separation from bed and board on the ground of cruel treatment, and the judge allowed her alimony pendente lite at the rate of $19.85 per week for her support and that of the two children of the marriage. The judge refused the husband’s request for a suspensive appeal from the order to pay the alimony pendente lite. On the husband’s petition for a writ of mandamus this court compelled the judge of the district court to grant the suspensive appeal. But, when the matter came up here on the appeal from the order to pay the alimony pendente lite, this court affirmed the order directing the husband to pay the $19.85 per week for the support of his wife and two children. See Cotton v. Wright, 189 La. 686, 180 So. 487, 488. In the course of the opinion the court cited the decisions that were cited in Arnold v. Arnold, and then quoted from Brouillette v. Mallet, 180 La. 787, 157 So. 594, — thus:
 

 “ Tn addition to the authorities mentioned, there are many cases in the books holding that the payment of alimony continues in force so long as the suit for separation or divorce is pending in the courts. There are varying facts in the different cases, but the underlying principle is that a judgment on the merits in the trial court does not affect the alimony as long as the case is pending in the courts.’ [Here the court cited a long list of cases],
 

 “ ‘It is a well-recognized and accepted rule in this state that, as long as the relation of husband-and wife exists, the husband is under a legal obligation to support his wife, and the relation of husband and wife can be terminated only by death or a final decree of a competent court.’ ”
 

 The order on the defendant in the case of Cotton v. Wright, to pay $19.85 per week for the support of his wife and two children during the pendency of her suit for a separation from bed and board, was rendered on March 12, 1937, to have effect from February 12, 1937. The defendant, availing himself of his suspensive appeal, did not pay the alimony pendente lite. On September 19, 1938, he sued for a divorce on the ground .that he and his wife then had lived separate and apart for more than two years. On December 2, 1938, the wife,
 
 *786
 
 in her suit for a separation from bed and board, obtained a rule on the defendant to show cause why the alimony pendente lite, which had been accumulating for 96 weeks at the rate of $19.85 per week, and which therefore amounted to $1,905.60, should not be judicially determined as to its amount, and ordered paid. She admitted that, although her husband had not paid any alimony to her, he had given sums of money to the children. On the trial of the rule it was ascertained that the gifts to the children-had amounted to $750; hence, deducting that sum from the $1,905.60 of accumulated alimony the court gave judgment for $1,155.60. The reason for this final adjustment of the accumulated alimony was that, on December 5, 1938, — only three days after the husband was ruled into court to have the accumulated alimony fixed in amount, — he obtained his judgment of divorce on the ground that his separation from his wife had lasted more than two years. This court held that the suit of the wife for a separation from bed and board was abated by the rendering of the judgment of divorce on the ground of two years’ separation, and that the order to pay alimony pendente lite was thereby terminated. The court affirmed the judgment fixing the accumulation of alimony pendente lite at the net sum of $1,155.60. See Cotton v. Wright, 193 La. 520, 190 So. 665, 667. In affirming the judgment, the court said: “The right of a wife to claim alimony during the pendency of her suit against her husband for separation from bed and board or for divorce, or pending his suit against her for the same purpose, arises out of the law which obliges him ‘to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition’ (R.C.C. Art. 120).” ;l
 

 That judgment was rendered on June
 
 26,.
 
 1939, and the petition for a rehearing was-denied on July 14, 1939. That was two years and five months after Wright had' been ordered to pay his wife the $19.85' per week for her support and for that of their two children during the pendency of her suit for a separation from bed and board. The record, of course, does not show whether the judgment of $1,155.60 of accumulated alimony was ever paid; but assuming that it was paid, it certainly did not help to support the wife during the pendency of her suit for separation from bed and board. , j
 

 If the judge in a suit for divorce or for separation from bed and board makes a mistake or abuses his discretion in ordering the payment of alimony pendente lite, the remedy of the party aggrieved should be to invoke the supervisory powers of this court. The difference is that in the cases where an appeal is allowed it is granted as a matter of right of the party appealing, and without allowance for the exercise of judgment or discretion on the part of either the trial judge or the appellate court.
 

 No harm could result from a correction of the error — if it is an error — in the decisions which are being followed in this case. Those decisions did not announce a rule of property, or a guide for litigants to follow. No one could have been influenced to bring or not to bring — or to defend or not to de—
 
 *788
 
 fend — a suit for divorce or for separation from bed and board, by the belief that the husband would be allowed a suspensive appeal from the order to pay alimony pendente lite if the judge should render such an order'in the case.