SAVOY, Judge.
Plaintiff filed a petition for a final divorce in the instant case stating that he and his wife had been legally separated by judgment of court dated February 17, 1964.
Defendant filed an answer and reconven-tional demand admitting that she and plaintiff had not been reconciled since the separation judgment mentioned above; that in said separation proceedings she was awarded alimony at the rate of $250.00 per month; $125.00 for child support, and $125.00 for her support, together with the assumption by plaintiff of a mortgage on the home place. She prayed that the alimony be increased to the sum of $400.00 per month, and, in the alternative, that the alimony remain at $250.00; that plaintiff be required to continue paying on the mortgage note mentioned herein. Defendant wife filed in the same proceeding a rule for judgment, asking that the past due alimony owing by plaintiff under the original decree of *603 -separation be made executory, and that 'there be judgment in her favor in the sum of $4,500.00, being past due alimony install•ments for eighteen months, subject to a credit of $1,595.43, or for a judgment in the sum of $2,904.57.
After a hearing on the rule, on the 25th day of June, 1965, the trial judge rendered a judgment in the instant case granting plaintiff the absolute divorce prayed for in his petition, and rejecting the claim of defendant wife for past due alimony, finding that the husband was not in arrears in this respect. The judgment also conveyed to the wife an undivided one-half interest in the home place, subject to her assuming and being responsible for all existing mortgages and debts against said real estate.
From the portion of the judgment denying her a judgment for past due alimony, the defendant wife has appealed to this Court.
While the trial judge did not favor us ■with any written reasons, it is apparent that 'he allowed the husband credit in the sum of $2,039.18 for checks made payable to the wife; that he also allowed plaintiff husband the sum of $2,462.04 for money paid on the •mortgage owing by the community; that ■these payments cover a period beginning •October 31, 1963, and ending March 31, 1965. He also allowed plaintiff the sum of -$477.27 for miscellaneous expenses expended by plaintiff husband.
Of course, the husband should -pay direct to the wife the full amount of alimony ordered by judgment of court. She •is entitled to spend her alimony as she chooses. In the recent case of Duncan v. Roane, (La.App., 3 Cir., 1961), 127 So.2d 191, decided by this Court, we held, generally, the test to be applied in determining what other payments made by a husband should be credited toward alimony, is whether the wife had the unrestricted right to determine how the funds were disbursed. See also Cotton v. Wright, 193 La. 520, 190 So. 665, 670.
The largest credit claimed by the husband is $2,462.04 in monthly payments on the home mortgage. The facts show that soon after the judgment of separation awarding the wife $250.00. alimony, a dispute arose as to whether she should make the monthly payments of about $136.00 on the mortgage on the home, which she continued to occupy. On her refusal to make these payments, the husband paid them direct to the mortgage holder and deducted this amount from the monthly alimony, leaving only about $114.00 each month paid to the wife.
 This was clearly a restriction on the wife as to how she spent her alimony. Therefore, under the test in the Duncan case, supra, credit cannot be allowed the husband for these mortgage payments. Furthermore, the mortgage was a community obligation for which the husband was responsible. He made these payments for the benefit of himself and the community, as well as for his wife and child. Hence, he cannot deduct these payments from the alimony due them.
While we express no opinion at this time, it might be possible that the husband could recover one-half of the amount expended by him on behalf of the community from the time of the separation until the final divorce judgment was signed. This could be done when there is a final settlement of the community of acquets and gains between the parties.
The court also allowed the husband $477.27 for miscellaneous expenses paid by the husband since the separation. These items consist of $95.00 for tree service to the home place; medical and drug expenses in the sum of $270.46; and $96.00 for schooling. The checks were made payable to parties other than the wife. The testimony of the husband as to the medical and drug items was very meager. There is no showing that any of the funds were received by the wife nor that she requested these items be paid out of alimony. The same is true *604 as to the items for the tree work and for schooling. These items are likewise disallowed.
For the reasons assigned, the judgment of the district court is amended by granting judgment in favor of Helga Kleiner, and against Frank Van Morkhoven, in the full sum of $2,460.82, with interest at the rate of 5% per annum from judicial demand until paid, and for all costs of this proceeding. As amended, the judgment of the trial court is affirmed. Plaintiff to pay all costs incurred in this Court and in the district court.
Amended and affirmed.