273 So.2d 576 (1973)
Earnest Stanley ODUM
v.
Phyllis Messenger ODUM.
No. 9092.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
Rehearing Denied March 14, 1973.
*577 Donald G. Cave, Edwins, Cave & McKay, Baton Rouge, for appellant.
Ralph Brewer, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
LOTTINGER, Judge.
This is a rule for an executory judgment for the amount of past due child support payments. The plaintiff in rule is Phyllis Messenger Odum, appellee, and the defendant in rule is Earnest Stanley Odum, appellant. The Lower Court awarded a judgment in favor of plaintiff in rule for $2,362.53, with legal interest from date of judicial demand until paid, and for all costs of court. The defendant in rule filed this appeal.
The parties were divorced September 23, 1966 in The Family Court for the Parish of East Baton Rouge. Mrs. Odum was given the permanent care, custody and control of the four minor children issue of the marriage, and Mr. Odum was condemned to pay child support. The original judgment for child support was amended by later judgments so that, as it was during the time in question, Mr. Odum was to be paying Mrs. Odum $225.00 per month for the child Bobbie Jean Odum and also $225.00 per month for Kathy Jane Odum only when she was enrolled full time as a student in a college or university. This suit is for $337.50 due Mrs. Odum for the child, Bobbie Jean Odum, consisting of $225.00 for May 1971 and $112.50 for one-half of June 1971 and also for $2,025.00 due Mrs. Odum for the child, Kathy Jane Odum, consisting of $225.00 per month for March through November 1971 during which nine month period she was enrolled full time as a university student.
Mr. Odum admits that he did not make the payments in question to Mrs. Odum. At issue is whether Mr. Odum can receive credit against the sums owed Mrs. Odum for amounts paid to dentists, doctors, and merchants for bills incurred for Bobbie Jean Odum and Kathy Jane Odum and for amounts paid directly to Kathy Jane Odum.
The appellant believes the trial court erred in not finding certain testimony that Mrs. Odum gave at trial to be a judicial confession as to the principal *578 amount in controversy. The testimony that appellant has reference to follows:
THE COURT: Would you be satisfied with the differenceMaybe we can work it out. Would you be satisfied with the difference between the two twenty-five and what he paid her?
Mrs. Odum: I will if he doesn't produce checks like sixty-two dollars and fifty cents which was a Christmas present.
THE COURT: I'm not talking about that. I'm talking about the money he gave to her direct. Would you be satisfied with that
Mrs. Odum: I said that before I came to court; but I wouldn't be satisfied with it now.
THE COURT: Maybe you gentlemen could go in chambers and discuss this.
MR. CAVE: We'd be happy to, Your Honor.
MR. BREWER: Let's see. I don't think the court heard her last statement if Your Honor please.
Mrs. Odum: I said I would not be satisfied with it now unless he's willing to pay my attorney's fees and the court costs because it costs me every time I have to come to court.
We agree with the trial judge that the above was not a judicial confession and quote from his Reasons for Judgment on this point.
"In his brief, counsel for Mr. Odum states that on rebuttal, Mrs. Phyllis Odum testified that she did not want Mr. Odum to pay her for funds previously given to Kathy; whereas, in fact, Mrs. Odum testified to a telephone conversation between herself and Mr. Odum, in which conversation, she did, indeed, make such a statement. However, upon questioning by the court, Mrs. Odum stated most emphatically that she was not now willing to make any such concession. In the opinion of this court, this did not amount to a judicial confession. Mrs. Odum was merely relating a conversation concerning an extrajudicial agreement which clearly can have no legal effect upon the judgment of this Court."
Furthermore, the appellant believes the trial court erred in finding that Mrs. Odum had not waived her rights to receive the child support payments directly. Stated in another way, the appellant believes that the trial court should have found that Mrs. Odum waived her right to receive the child support payments and that Mr. Odum should have been given credit for payments he made to others for expenses of the children and for payments to one of the children directly.
In his Reasons for Judgment the trial judge stated the law he believed to be pertinent to be as follows:
"As this Court appreciates the law of this state, any judgment rendered by a court of competent jurisdiction stands as a judgment of that court until judicially modified, annulled or expunged. No agreement between parties, no writing in derogation of the judgment without judicial sanction are of any legal consequence whatsoever. The remedy of an aggrieved party under this rule of law is rendered amply clear. He must apply for and receive from that same court a modified judgment in accordance with existing facts or be prepared eventually to suffer his loss from his failure so to do. The judgment stands until judicially modified."
As authority for the above position, the trial judge cited Rodriguez v. Rodriguez, La.App., 245 So.2d 765; Van Morkhoven v. Kleiner, La.App., 180 So.2d 601; Elchinger v. Elchinger, La.App., 181 So.2d 297; Dupuis v. Patin, La.App., 155 So.2d 768; Dunham v. Dunham, La.App., 162 So.2d 767; Pisciotto v. Crucia, 224 La. 862, 71 So. 2d 226; Allen v. Allen, La.App., 136 So.2d *579 168; and Williams v. Williams, 211 La. 939, 31 So.2d 170.
In addition to the above, and in support of the same position, counsel for Mrs. Odum in his brief cites Hebert v. Hebert, La.App., 159 So.2d 537 (3rd Cir.) (1964).
There is no evidence that the payments Mr. Odum made to dentists, doctors, and merchants in behalf of the two children were made at the request of Mrs. Odum or that she waived her right to receive the payments. The above cited cases at least stand for the proposition that a wife has the right to disburse child support payments as she sees fit and that the husband who owes the payments can not receive credit for money he spends on the children on his own accord. We therefore find that the trial court was correct in holding that Mr. Odum was due no credit against the past due child support for moneys he paid to dentists, doctors, and merchants for the two children.
The testimony in this matter reveals that Mrs. Odum had agreed that Mr. Odum should send child support payments directly to Kathy while she was enrolled as a college student. The evidence further reveals that Mr. Odum wrote the following checks directly to Kathy during the time in question.

March 8, 1971 $300.00
April 5, 1971 150.00
May 4, 1971 150.00
May 26, 1971 150.00
July 6, 1971 160.00
August 3, 1971 94.50
August 3, 1971 100.00
August 28, 1971 150.00
September 22, 1971 150.00
October 15, 1971 150.00
October 29, 1971 150.00
November 30, 1971 150.00
 _________
 TOTAL $1,854.50

The more difficult question presented to us is whether the defendant in rule should receive credit for the above payments. The Lower Court felt it equitable that Mr. Odum should receive credit for payments made directly to Kathy. It ruled against the defendant in rule, however, based on its appreciation of the law. There is no question that had Mr. Odum unilaterally made the payments to Kathy he should not receive credit.
However, we find the interpretation of the applicable law by the trial judge to be extremely narrow. A reading of cases dealing with this subject reveals that the one rule on which there is common agreement is that the wife is entitled to spend alimony and child support payments as she chooses and has the unrestricted right to determine how funds will be disbursed. See Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Duncan v. Roane, La.App., 127 So.2d 191 (1961); and Van Morkhoven v. Kleiner, La.App., 180 So.2d 601 (1965).
As previously stated, the Trial Court gave Earnest Stanley Odum no credit for any payments and rendered judgment against him in the sum of $2,362.53. An error was apparently made in preparing the judgment as it should have read $2,362.50, being $225.00 for one and one-half months for the child Bobbie Jean Odum and $225.00 for nine months for the child Kathy Jane Odum. Against this sum of $2,362.50, we find the defendant in rule entitled to a credit of $1,854.50 for the checks he wrote directly to Kathy Jane Odum, in accordance to the understanding and agreement he had with Mrs. Odum leaving a balance of $508.00 due by him as accured and unpaid child support. The judgment in favor of petitioner in rule, Phyllis Messenger Odum, is amended and lowered to the sum of $508.00, and as amended, the judgment is affirmed. All costs of this appeal are assessed against defendant in rule-appellant.
Amended, and as amended, affirmed.