COLE, Judge.
Defendant Ray Sumrall appeals a judgment ordering him to pay back alimony in the sum of $1,350.00. Because we find the judgment of the trial court to be clearly wrong, we reverse.
Plaintiff Marilyn Sumrall filed suit seeking a separation based on abandonment and requesting alimony pendente lite. Defendant answered and filed a reconventional demand seeking a divorce on the grounds of having lived separate and apart for two years. At a rule to show cause hearing on May 9, 1979 the court ordered defendant to pay plaintiff alimony pendente lite at the rate of $450.00 monthly. It ordered the sum paid in installments of $225.00 on the first and fifteenth days of each month beginning May 15th. This judgment was signed May 17th.
At trial on the merits on September 4, 1979, the court rendered judgment in favor of defendant on the main demand and in favor of the plaintiff (defendant-in-recon-vention) on the reconventional demand. This judgment was signed September 6th dismissing both suits with prejudice. Although neither party was successful in obtaining a separation or divorce, no appeals were taken.
Defendant had been timely in making his alimony payments prior to the September judgment. After the cases were dismissed *250 he ceased making payments. On November 14, 1979 plaintiff filed a rule seeking judgment for alimony payments accruing after the dismissals. Defendant filed a “peremptory exception of res judicata” urging that the September judgment of dismissal terminated his obligation to pay alimony. He also filed a “peremptory exception of lack of jurisdiction over the person,” arguing that he was then a resident of Texas and was not subject to the jurisdiction of the Louisiana district court. Judgment on the rule was rendered and signed December 26th.
The wording of the trial court’s judgment is somewhat confusing. In addition to decreeing defendant had not paid the alimony due since the month of September, 1979 and making executory the sum of $1,350.00 for alimony accruing through the month of November, the judgment reads:
“IT IS ORDERED, ADJUDGED, and DECREED that the exception of Res Ju-dicata filed herein by Defendant is hereby overruled and dismissed, the Court finding that the Court had original jurisdiction, which jurisdiction continued
The foregoing language seems to combine the overruling of both the objection of res judicata and the objection of lack of personal jurisdiction. Defendant appeals suspen-sively this judgment of December 26, 1979.
Alimony pendente lite is governed by Louisiana Civil Code Article 148.
“If the spouse has not a sufficient income from maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of other spouse.”
The statute clearly states the alimony may be granted when there is a suit pending. The suit for separation and the reconven-tional demand for divorce had been dismissed with prejudice. No appeal was filed within the delay provided by La.Code Civ.P. article 3942, so the judgment of dismissal had become definitive. La.Code Civ.P. article 1842. Without a pending suit, there could be no award of alimony pendente lite.
Alimony pendente lite is merely an incident of a suit for separation or divorce. Williams v. Spivy, 185 La. 304, 169 So. 347 (1936). When a suit for separation has been finally determined by dismissal, and no appeal has been taken, the right to alimony falls. Lee v. Koester, 155 La. 756, 99 So. 588 (1924).
The real question here, as in Lee, is whether the wife was entitled to alimony. Ostensibly, she was in court attempting to collect alimony accruing under a judgment she had obtained. That judgment, however, had ceased to exist upon the termination of the litigation for a separation or divorce. Not having a viable judgment under which she could attempt the collection of accrued alimony, her action equates to an attempt to establish the right to alimony pendente lite without the necessary foundation of a pending suit for separation or divorce. This situation is to be distinguished from those instances in which an appeal effects the maintenance of a suit for separation or divorce. When that happens, the wife is entitled to alimony pendente lite for the period of time ending with a termination of such litigation; and, she may proceed to collect it either during the litigation or afterwards. Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962).
For the foregoing reason, we find the peremptory exception should have been granted.[1] Since we find the judgment should be reversed on the peremptory ground, we need not discuss defendant’s somewhat misnamed “peremptory excep *251 tion of lack of jurisdiction over the person.” [2]
For the foregoing reasons, the judgment of the district court is reversed. Plaintiff Marilyn Sumrall is to pay all costs.
REVERSED.

. While treated as raising the objection of res judicata, and without passing on the propriety of its use in this instance, we notice the failure of plaintiffs rule to disclose a cause of action. This is because there was no suit pending for a separation or divorce at the time it was filed nor did it seek alimony which had accrued for a period of time existing prior to termination of the litigation for a separation or divorce. La. Code Civ.P. article 927.

. The objection of lack of jurisdiction over the person is a declinatory exception under La. Code Civ.P. article 925(5).