CIACCIO, Judge.
Plaintiff Ann Yorsch appeals from a judgment of the district court which dismissed her action for alimony pendente lite. We affirm the judgment on grounds other than those adopted by the district court.
Plaintiff and defendant were married on March 17, 1979.
Mrs. Yorsch filed a petition for legal separation on August 4, 1983 on the grounds of cruel treatment and abandonment. Thereafter, on September 6, 1984, she filed a rule for alimony pendente lite. On September 17, 1984 Mr. Yorsch filed a petition seeking a divorce on the basis that he had lived separate from his wife for one year following their legal separation. On October 30, 1984 Mrs. Yorsch filed an action to annul the marriage contract which existed between the parties. On January 4, 1985, in response to the defendant’s suit for divorce, Mrs. Yorsch filed an exception of no cause of action alleging that the parties had reconciled thus nullifying the legal separation.
A hearing was held on February 13,1985 on the wife’s rule for alimony pendente lite. The trial court dismissed the rule, on April 22, 1985, for the following reasons:
An obligation to pay alimony pendente lite is merely enforcement of the obligation of a spouse, to support the claimant spouse, which obligation continues during the pendency of the suit for separation from bed and board, or for divorce, and does not terminate until the marriage is dissolved.
Alimony pendente lite is the duty of support one spouse owes the other, and stems from the contract of marriage. Arceneaux v. Arceneaux, 426 So.2d, 745 [ (La.App., 3rd Cir., 1983) ].
Where the parties execute a pre-nup-tial agreement of separation of property, the separate property of a spouse is his exclusively. No obligation of mutuality of support exists where the parties are separate in property, and where a community of acquets and gains never existed between the parties.
In this instance the parties specifically renounced the community of acquets and gains between husband and wife. The property of each is declared, to be separate and paraphernal property. To enforce an obligation of support during the marriage or pendente lite, in this instance, would be to enforce an obligation against separate and paraphernal property.
On appeal, Mrs. Yorsch contends that the existence of the pre-nuptial contract does not preclude her right to alimony pendente lite.
One is entitled to alimony pending a suit for separation or divorce when that spouse does not have sufficient income for his maintenance. La.C.C. Art. 148. Thus, alimony pendente lite is a duty of support that one spouse owes to the other as a consequence of the contract of marriage. Gondrella v. Gondrella, 347 So.2d 938 (La. App., 4th Cir., 1977); Collins v. Collins, 458 So.2d 1008 (La.App., 3rd Cir., 1984). Alimony pendente lite is an obligation flowing from the marriage and not a debt chargeable against the community. See: Gondrella v. Gondrella, supra. Accordingly, if a spouse manifests a lack of “sufficient income for maintenance”, he is entitled to alimony pendente lite regardless of whether there exists a community of ac-quets and gains or merely separate property as in the instant case. Accordingly, it was error for the trial court to deny the plaintiff alimony pendente lite on the basis that the parties were separate in property.
The defendant, however, contends that the plaintiff is not entitled to alimony pen-dente lite because the claim for alimony is incidental to the suit for separation or divorce and the claimed reconciliation of the parties would have extinguished the cause of action for separation or divorce. We agree.
The Civil Code clearly defines alimony pendente lite as support which occurs “pending suit for separation from bed and board or for divorce.” La.C.C. Art. 148. Alimony pendente lite is therefore, merely an incident to a suit for separation or divorce. Sumrall v. Sumrall, 393 So.2d 249 (La.App., 1st Cir.1980). Thus, if the separation or divorce action is nullified the incidental right to alimony also falls. See: Sumrall v. Sumrall, supra.
*618 Reconciliation extinguishes an action for separation, although it does not preclude a new suit for causes arising since the reconciliation. La.C.C. Arts. 152, 153.
In this case the plaintiff filed an exception of no cause of action in response to the defendant’s suit for divorce wherein she made the following judicial admission:
I
Frederick E. Yorsch has no cause of action in that the parties reconciled subsequent to the granting of their legal separation, and remained so reconciled until January of 1984, thereby nullifying the legal separation.
Mr. Yorsch has not filed an opposition to the exception of no cause of action and in his brief he reiterates that he does not oppose the exception.
Under these circumstances the primary action, the legal separation, was nullified by the reconciliation of the parties. The incidental action for alimony fell when the primary action was extinguished. Accordingly, the trial court acted correctly when it dismissed the plaintiff’s action for alimony pendente lite.
For the reasons assigned the judgment of the trial court dismissing the plaintiff’s rule for alimony pendente lite is affirmed at appellant’s cost.
AFFIRMED.