No. 23,297.

ANNABELLE PENDLETON, *Appellant*, v. HENRY McELDERY PENDLETON, *Appellee*.

SYLLABUS BY THE COURT.

DIVORCE — *Jurisdiction* — *"Residence" of Wife* — *Husband an Officer in United States Army at Fort Riley*. Findings of fact in an action for divorce considered, and *held*, residence of the wife of a captain of the United States army at Fort Riley, to which military post he was assigned for duty, was not domiciliary, within the meaning of the divorce statute, which requires domicile of the plaintiff in the state and in the county in which the petition is filed.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed October 8, 1921. Affirmed.

*L. B. Morris* and *U. S. Weary*, both of Junction City, for the appellant.

*Jas. V. Humphrey,* of Junction City, as *amicus curiæ.*

The opinion of the court was delivered by

BURCH, J.: The action was one by the wife of a captain of the United States army stationed at Fort Riley, to procure a divorce. The court held the plaintiff was not an actual resident of the state, or a resident of the county in which the action was brought (Gen. Stat. 1915, § 7572), and refused a decree, although statutory grounds for divorce were proved. The plaintiff appeals.

The material findings of fact follow:

"4. Plaintiff actually dwelt for more than one year prior to the filing of her petition and at the time thereof, at Fort Riley, on the Fort Riley, Kansas, military reservation.

"5. Prior to her marriage, plaintiff was a resident of and domiciled in the state of Texas, and was married to defendant in the state of New York, in 1918. Her husband served in France from that time until March, 1919, during which time plaintiff resided at her former home. On his return, defendant visited plaintiff's family in Texas until July, when he and plaintiff moved to Fort Riley, on military orders. He never resided in the state of Kansas except the time he was located on said military reservation at Fort Riley; that is, he never resided at any other place in the state of Kansas.

"6. Defendant was born upon a military reservation at Fort Sam Houston, Texas, at a time when his father was an officer in the United States army, and claimed no other residence. Defendant's entire life has been spent upon military reservations, except for short visits to relatives not living on such, and he now holds the rank of a captain in the United States army, and claims no other residence or domicile than at Fort Riley, Kansas, at which place he has for more than a year prior to the filing of the petition herein, maintained a home for himself and plaintiff in quarters furnished by the government. It was the intention of the parties to make Fort Riley their home so long as defendant's duties gave him employment at Fort Riley.

"7. Fort Riley is on that part of the reservation which, prior to the cession by the legislature of the state of Kansas of the jurisdiction of said reservation to the Federal government, was situated in Geary county, Kansas."

For many legal purposes there is a clear distinction between residence and domicile. A person may hold an office, or may have business or employment or other affair which requires

him to reside at a particular place. His intention is to remain there while the office or business or employment or other concern continues; but he has no purpose to remain beyond the time the interest exists which determines his place of abode. Domicile is characterized by the *animus manendi.* The legislature has defined residence as the place adopted as one's habitation, and to which, whenever absent, he intends to return. (Gen. Stat. 1915, § 10973, subdiv. 23.) Because the marital relation is one of profound interest to the state, and because the marital status virtually constitutes a *res* for purposes of jurisdiction over divorce, the legislature intensified the character of residence necessary to maintain an action for divorce by use of the term "actual." The purpose evidently was to indicate that permanency which the word "domicile" denotes, and the court has already held that the divorce statute contemplates domicile of the plaintiff in the state for a year preceding the filing of the petition, and domicile in the county in which the petition is filed. (*Carpenter v. Carpenter*, 30 Kan. 712, 717, 2 Pac. 122.)

The findings of fact were stated with care and discrimination, and the element essential to domicile was not included. The plaintiff's husband went to Fort Riley, not of his own choice, but in obedience to military orders. The plaintiff accompanied her husband, and makes no claim of domicile apart from that of her husband. So far as the findings disclose, neither one has any intention of abiding at Fort Riley beyond the assignment of the defendant to that post. There is nothing whatever to indicate permanence of the assignment. Whenever military need for the defendant to be at Fort Riley terminates, he will obey the order assigning him to another station, and it is not possible to affirm that Fort Riley is the true, fixed, permanent home of the plaintiff.

In view of the foregoing, it is not necessary to discuss the subject of the jurisdiction of the state of Kansas over the Fort Riley military reservation, and the question whether or not an officer of the army of the United States may establish a domicle on such a reservation, is not decided. It is sufficient that in this case the residence of the plaintiff on the Fort Riley military reservation is temporary, and not domiciliary.

The judgment of the district court is affirmed.