## CLAUDY et al. v. DUVALL.

(Court of Appeals of District of Columbia. Submitted March 2, 1925. Decided May 4, 1925. Motion for Rehearing Denied May 15, 1925.)

No. 4214.

1. **Estoppel** ⬤⟳4—Widow of decedent held not estopped to assert that his actual residence had been other than alleged in petition for appointment of administrator.

That widow of decedent, who had in fact been resident of Illinois, filed petition in District of Columbia praying for appointment of administrator, which alleged decedent had been resident of the District, *held* not to estop her from subsequently denying that decedent was in fact resident of District, and claiming right to succeed to his estate under law of Illinois (Starr & C. St. Ill. c. 39, par. 1, cl. 3), rather than under laws of District.

2. **Executors and administrators** ⬤⟳32(2) — Widow held not guilty of laches, precluding her denial that decedent was in fact resident of District of Columbia.

Widow, who petitioned for appointment of administrator for her husband's estate, alleging that he had been resident of District of Columbia, *held* not guilty of laches, precluding her from denying, approximately a year later, that he was in fact resident of District.

**3. Executors and administrators** ⟶513(9)—Settlement of administrator's first and final account held not res judicata of distributee's rights.

Settlement of administrator's first and final account, which contained statement of manner in which residue would be distributed, *held* not res judicata of distributee's rights, in view of Code D. C. §§ 364, 365, 394, and probate rule 16.

**4. Executors and administrators** ⟶12—Appointment of administrator over estate located entirely within District held proper, though decedent was not resident of District.

Where decedent's estate is located physically entirely within District of Columbia at time of his death, probate court of District may properly appoint administrator, though decedent was actually domiciled without District.

Appeal from Supreme Court of District of Columbia.

Suit by Gertrude R. Duvall against Carl H. Claudy, administrator of the estate of William S. Duvall, deceased, and Clara F. Claudy. Decree for plaintiff, and defendants appeal. Affirmed.

W. G. Johnson, L. H. David, and P. E. Lesh, all of Washington, D. C., for appellants.

J. E. Laskey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This appeal relates to a decree of the Supreme Court of the District of Columbia, requiring Carl H. Claudy, as administrator of the estate of William S. Duvall, deceased, to distribute the entire surplus or residue of said estate to the decedent's widow, Gertrude R. Duvall. From that decree the administrator and Clara F. Claudy, the administrator's wife, who was a sister of the decedent, and claims as such to share equally with the widow in the residue, have appealed to this court.

William S. Duvall died intestate in the city of Chicago on June 28, 1920, and was buried in the District of Columbia on July 2d. He left an estate composed wholly of personal property, a large part of which consisted of deposits in banks located in the District. His only surviving relatives, in so far as this case is concerned, were his widow, Gertrude R. Duvall, and his said sister, Clara F. Claudy. On July 2, 1920, the day of the funeral, the widow, with the assistance of the present administrator, filed a petition in the probate court, alleging that the decedent was a resident of the District at the time of his death, and, waiving her right to administer upon the estate, prayed for the appointment of Carl H. Claudy, the husband of decedent's sister, as administrator. That appointment was made by the court, and the administrator duly qualified.

On July 12, 1921, the first and final account of said administrator was filed in court, showing that the debts of the estate had been fully paid, including the sum of $723.24 as administrator's commissions, and $250 as attorney's fees, and that there remained a distributable residue in the sum of $11,713.92. The account contained the following concluding statement, to wit:

| | | |
|---|---|---|
| Distributable according to law as follows, to wit.............. | | $11,713 92 |
| (31) To Gertrude R. Duvall, widow, one half | | |
|    Amount advanced $ 100 00 | | |
|    Balance due...... 5,756 96 | | |
| | | $ 5,856 96 |
| (32) To Clara F. Claudy, sister one half .................... | | 5,856 96 |
| | $11,713 92 | $11,713 92 |

This notation was not intended to signify that the administrator had already paid these sums to the widow and sister of the decedent, for in fact no such payment had been made; the entire residue being yet in the administrator's possession. It was designed only to serve as a statement of the manner in which the residue should be distributed, as understood by the administrator.

On August 12, 1921, the administrator, in compliance with probate court rule 16, notified both the widow and the sister of the decedent that the first and final account of the estate had been filed, that the administrator claimed a commission of 5 per cent., amounting to $723.24, and attorney's fees, amounting to $250, and that, unless cause should be shown to the contrary, the account would be presented to the court for approval on August 22, 1921.

It appears that in the month of July, 1921, the widow first learned of the difference which concededly exists between the inheritance laws of the District of Columbia and those of the state of Illinois; that under the District laws the widow and decedent's sister would share equally in the distribution of the residue, whereas under the law of Illinois the widow would be the sole distributee. She thereupon asserted that decedent in fact was a resident of the state of Illinois at the time of his death, and that the distribution should be made according to the laws of that state. She employed an attorney to

represent her, who in the month of July notified the administrator and his counsel of her claim, but by reason of an alleged misunderstanding the claim was not presented to the court. Accordingly, on August 22, 1921, the account of the administrator, as above set out, was presented to the court without objection or exception, and was examined, approved, and passed. The court, however, made no express finding or order regarding the distribution of the residue, but entered only the following order at the foot of the account, to wit:

"In the Supreme Court of the District of Columbia, Holding a Probate Court. On this 22d day of August, A. D. 1921, the foregoing account, being now presented for approval, the same is, after examination by the court, approved and passed."

This was signed by the justice then sitting in probate matters. No appeal was taken from the order. On October 17, 1921, the administrator paid to decedent's sister the sum of $5,856.96, being the one-half of said residue, and tendered a like sum to the widow, which she declined to receive.

Afterwards, on March 30, 1922, the widow filed a petition in the Supreme Court of the District, naming the administrator and decedent's sister as defendants, alleging that the decedent in fact was a resident of the state of Illinois at the time of his death, and that the residue of his estate should be distributed in accordance with the laws of that state; that she had been fraudulently misled into signing the petition for the appointment of the administrator, in which the statement appeared that decedent was a resident of the District of Columbia at the time of his decease, and she prayed that the administrator should be removed, his account revoked and canceled, and that she be decreed to be the sole distributee of said surplus. To this petition the defendants answered, claiming that decedent in fact was a resident of the District of Columbia at the time of his decease, pleading also the defense of estoppel, laches, and res adjudicata as against the widow, and denying all allegations of fraud. The court referred the issues to the auditor, who heard the evidence and filed a report, in which he sustained the allegations and claims of the widow, except the claim of fraud, which was overruled. The report of the auditor was thereupon approved and confirmed by the court, the first and final account of the administrator was revoked and canceled, and the administrator was directed to file an amended account, providing for the distribution of the entire surplus or residue of the estate to the widow in accordance with the laws of the state of Illinois. The present appeal was taken from that decree.

[1, 2] We have examined the testimony, and we content ourselves with the statement that it fully sustains the findings reported by the auditor. We agree, moreover, with the conclusion that the widow was not estopped from maintaining the claim that decedent was a resident of Illinois at the time of his decease; also that she was not barred by laches from prosecuting her present demand. It is true that her first petition to the court contained the statement that decedent was a resident of the District of Columbia at the time of his decease, which statement also was repeated in subsequent proceedings; but it is doubtful whether the widow at the time actually knew that she was subscribing to such a statement, and it is certain that she then had no knowledge of its legal effect in respect to her rights as distributee. Moreover, the administrator was not misled to his prejudice by reason of these statements, for he was afterwards notified of her claim before he presented his account to the court for approval, and consequently before he distributed any part of the residue. Nor is it claimed that Clara F. Claudy, the wrongful distributee, who is the wife of the administrator, is insolvent. The acts and state ments of the widow, therefore, should not estop her from maintaining her present demand, nor was she negligent under the circumstances in bringing it to the attention of the administrator.

It is proper to add that under the circumstances of this case the administrator was not justified in considering himself as a mere "stakeholder" of the surplus of the estate. It must be remembered that he was acting as a trustee for the widow, as well as for all others interested in the estate. He had been notified, before he presented his account, that she objected to the payment of one-half of the surplus to his wife as a distributee, and that she claimed to be entitled to the entire surplus under the Illinois law. When the administrator failed to bring this claim to the attention of the court, and elected to stand upon a formal order of approval of the account, taken without a special hearing upon this subject, he took upon himself the risk of such a procedure.

[3] We cannot agree with the contention of the appellants that the settlement of the administrator's first and final account should be given the effect of an adjudication of the present issue. Sections 364 and 365 of the District Code specify the subjects to be in-

cluded in such an account, but do not name the distribution of the surplus as one of them. Neither does the Code require the service of notice to the distributees upon the filing of such accounts. Probate rule 16 requires that notice be served upon every party whose interest in the estate is diminished by commissions and attorney's fees included in the account, but such notice need state only the day when the account will be presented, and the amounts claimed therein for commissions and fees. If no commissions or fees be included in an account, no notice to the distributees is required. It may be observed that the notice which was served upon the widow in the present case stated the amount of the commissions and attorney's fees, and the time when the account would be presented to the court, but made no mention whatever of a distribution of the surplus. It must follow that the order whereby the probate court formally approved of the administrator's account was ex parte only, in so far as it related to the subject of distribution, and does not sustain the plead of res adjudicata. The Code, however, contains a special provision for an adjudication of such an issue arising under circumstances like these. This appears in section 394, which reads as follows:

"Any administrator shall be entitled to appoint a meeting of persons entitled to distributive shares or legacies or a residue, on some day by the court approved, and payment or distribution may be there made under the court's direction and control."

This provision is identical with the Maryland act of 1798 (chapter 101, subc. 14, § 12). In Hanson v. Worthington, 12 Md. 418, which involved a settlement of an executor's account by proceedings similar to those now in question, the Supreme Court of Maryland said:

"In the administration of the estate, the duty of the executors was to ascertain the persons entitled to the fund; their proceedings in the orphans' court were ex parte; no steps were taken by them, under the Act of 1798, c. 101, subc. 14, § 12, in appointing a meeting of claimants, nor was the distribution made under any order of the court; it was not conclusive on the complainants, even if they had been sui juris."

See Conner v. Ogle, 4 Md. Ch. 450; Hanson v. Worthington, 12 Md. 418; Scott v. Fox, 14 Md. 388; Wilson v. McCarty, 55 Md. 277; Miller-Shoemaker Co. v. Sturgeon, 31 App. D. C. 406.

[4] These findings do not tend to impeach the order whereby the present administrator was appointed in this jurisdiction. The estate of the decedent was almost entirely located physically in the District at the time of his decease; therefore, even if the court had been correctly informed concerning decedent's residence, it would have been justified in making the appointment. Nevertheless the distribution of the surplus of the estate must follow the law of decedent's domicile. Hansel v. Chapman, 2 App. D. C. 361, 368; In re Estate of Henry Coit, 3 App. D. C. 246; 249; Overby v. Gordon, 13 App. D. C. 392, 409, aff. 177 U. S. 214, 20 S. Ct. 603, 44 L. Ed. 741; Cassilly v. Meyer, 4 Md. 1; Wilkins v. Ellett, Administrator, 108 U. S. 256, 258, 2 S. Ct. 641, 27 L. Ed. 718. It is not denied that under the laws of Illinois the widow is made the sole distributee in cases like this. Starr & Curtiss' Illinois Statutes, c. 39, par. 1, § 1, cl. 3.

The decree of the lower court is therefore affirmed, with costs.