PATRICK *et al. v.* BANK OF TUPELO.

(Division B. Feb. 19, 1934. Suggestion of Error Overruled Mar. 19, 1934.)

[152 So. 838. No. 31069.]

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellants.

W. C. Sweat, of Corinth, for appellee.

Argued orally by Chas. S. Mitchell, for appellant, and by W. C. Sweat, for appellee.

Griffith, J., delivered the opinion of the court.

In 1917 the wife owned a house in Prentiss county which was occupied by herself and husband and children as their homestead. During that year the husband decided to move to Lee county and there to permanently

establish himself in business. This was done, and some months thereafter the family joined him in Lee county. Later a residence was purchased in Lee county which was occupied by the husband and his family as their home for several years. The house in Prentiss county was still owned by the wife, but the proof is that up to and including the time next hereinafter mentioned the home of the family was in Lee county, not in Prentiss county.

In 1932 a judgment, obtained against the husband and wife in Lee county, was enrolled in Prentiss county, and an execution thereunder was levied upon the property which formerly had been the homestead in that county. After the rendition of this judgment, but before the issuance of execution, the wife returned to Prentiss county and occupied a room in the aforesaid house owned by her, and, on the day of the sale under the execution, she appeared and gave notice that she claimed the property as her homestead. Her husband had on several occasions spent a day or two at a time with her at said residence in Prentiss county, the remainder of the family remaining at all times in Lee county, but the husband as a witness admitted that he himself did not expect to move back to Prentiss county except when he could not make a living somewhere else. Without going into further details, we may say that there is ample proof to sustain the finding of fact by the trial court that at the time of the sale the residence and domicile of the husband and members of the family, other than the wife, was in Lee county.

The appeal here is bottomed upon the contention that, although the proof shows that the husband and the other members of the family reside in Lee county, the wife had the right to go to Prentiss county and there take up her residence in the property there owned by her and assert a homestead exemption therein without regard to what her husband and the remainder of the family did. It is admitted by both husband and wife that they are liv-

ing together as husband wife, and nothing is asserted by either of them which would in law confer a right to live separately because of any marital misconduct or the equivalent thereof on the part of either of them.

The authorities are in uniform agreement that ordinarily a family must consist of at least two persons who live together in that relation, and that actual residence on and occupation of the land as a home by the family are essential to give it the character of a homestead, save as to those over sixty years of age or where the absence is temporary only. Occupancy alone is not sufficient, but, in addition to mere occupancy, there are the elements of permanent residence on the land by the head of the family, and, when the law makes reference to "the head of the family," it means one of the persons composing the family, not two or more. Save in exceptional cases, of which the case here before us is not one, the husband is the head of the family and, as such, has the right to choose and establish the matrimonial home and domicile. Tanner v. Tanner, 111 Miss. 460, 467, 71 So. 749. This was said by our court long after the enactment of laws here removing the disabilities of the wife in the matter of her separate property. As remarked by the Supreme Court of Georgia, in Broome v. Davis, 87 Ga. 584, 13 S. E. 749, "in this state, notwithstanding his reduced importance as a domestic factor, the husband is still the head of his family." See the many cases gathered in the notes, 29 C. J., p. 795 et seq., and 30 C. J., pp. 510-512.

It follows that in this case the home of the wife was that of her husband, which was not this property, but in Lee county.

Affirmed.

**Anderson, J.,** takes no part.