SMITH *v.* SMITH.

(Division B. March 15, 1943.)

[12 So. (2d) 428. No. 35246.]

E. J. Currie, of Hattiesburg, for appellant.

**Alexander, J.,** delivered the opinion of the court.

Appellant filed suit for divorce, and the allegations of his bill were held to have been supported by the proof and a sufficient basis for decree. Relief was denied, however, upon jurisdictional grounds; the chancellor having found that the complainant had not been "an actual bona fide resident within this state for one year next preceding the commencement of the suit." Code 1930, sec. 1415. This is the sole ground of the appeal.

The parties were married in Ohio, and the defendant resided there at the time the bill was filed. Complainant was a member of the National Guard of that state, and as such was inducted into the Army of the United States, and sent to Camp Shelby, Mississippi, near the city of Hattiesburg. Suit was filed in Forrest County, which embraces both localities.

Complainant testifies that shortly after arriving at Camp Shelby he made certain contacts from which he concluded that "it was a fine place to stay." His original term of service was twelve months, and he testified that it was his purpose when he was released from this service to "get employment and reside here permanently." He answered affirmatively the leading question, "You made up your mind that should you survive the war that you would return to Hattiesburg and it is your intention now?" In the meantime he was ordered to duty some 1,100 miles distant, from which point he returned for the

trial of the cause. Upon leaving under these orders he left some personal effects in Hattiesburg.

To constitute complainant an actual bona fide resident of Forrest County there must have been, (1) an actual residence voluntarily established in said county, (2) with the bona fide intention of remaining there, if not permanently, at least indefinitely. While complainant's own testimony as to his intention is relevant, the unwisdom of accepting as sufficient a mere assertion thereof is recognized in the requirement that it be competent only when it is employed as an incident, albeit a necessary incident, to give meaning to the act of setting up residence.

A mere intention to establish a residence at some time in the future is not sufficient. The intent necessary is the intent that an established residence shall be reasonably permanent. The intent must be to make a home at the moment and not in the future. Rest. Conflict of Laws, Sec. 20. Complainant's residence in that county was not voluntarily founded by him, but under the compulsion of military orders. In the meantime he is not free to remain in Hattiesburg, and in fact had been stationed elsewhere for some time preceding the hearing. He did not select this place of residence even though it is his intention so to do at some future date when a freedom of choice is accorded him at the completion of his military service. Harris v. Harris, 205 Iowa, 108, 215 N. W. 661; Lowe v. Lowe, 150 Md. 592, 133 A. 729, 46 A. L. R. 983; Pendleton v. Pendleton, 109 Kan. 600, 201 P. 62; Gallagher v. Gallagher (Tex. Civ. App.), 214 S. W. 516; Dicks v. Dicks, 177 Ga. 379, 170 S. E. 245; 17 Am. Jur. Divorce & Separation, Sec. 263, p. 287; 27 C. J. S., Divorce, sec. 76, p. 648; Nelson, Divorce and Separation, Secs. 42, 43.

A domicile voluntarily established can be changed only by the voluntary acquisition of a new one. A mere intent is inchoate, and becomes effective only when there is a voluntary act to which it may give color. The incon-

veniences attendant upon adherence to this principle is an evil lesser by far than those which would be begotten by establishing jurisdiction by what is proposed, rather than by what is done.   Lowe v. Lowe, supra.

Affirmed.