LUCIA *v.* LUCIA

(In Banc. Nov. 11, 1946.)

[27 So. (2d) 774. No. 36202.]

J. E. Stockstill, of Picayune, for appellant.

No appearance for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

The appellant married the appellee on March 6, 1922, in Orleans Parish, Louisiana, where they were born and reared and where they formerly had a rented home. Appellant during most of the time, in the series of events concerned here, was a business agent of a labor union, the office of which was in New Orleans. He was not so employed when the case was tried. He claims to have established his domicile in this state in a room of a boarding house, which, during his absence, the landlord rented to others with his consent. Appellee has been an inmate of the Louisiana Asylum for the Insane since 1939. Appellant has not visited her, communicated with her, or sent her anything since her confinement. The issue here is whether or not, and when, he had established a domicile in Mississippi, as required by our divorce statute, suffi-

cient to confer jurisdiction on the Chancery Court of Pearl River County, to hear his petition for divorce. He testified to several different dates of its establishment in Mississippi. He also gave conflicting reasons for establishing such a domicile in Mississippi. There were other discrepancies and inconsistencies in his testimony with reference to the establishment of his residence or domicile in Mississippi. Under our statute, Section 2736, subsection (a), before he was qualified to have a chancery court hear his application for a divorce, he must have proven himself to have been an actual bona fide resident within this State for one year next preceding his commencement of the suit.

He registered in Mississippi for the first time in 1943, paid poll taxes for 1943 and 1945, overlooking, he said, the 1944 payment. There is some confusion also as to when he established his domicile in Pearl River County, which was in January 1944 apparently from one portion of his testimony, but a month or two later, according to another portion of his testimony.

He filed this suit for divorce on March 23, 1945, claiming to be a resident citizen of Pearl River County, and alleged that his wife was incurably insane. Section 2735, Code 1942. No answer was filed by or on behalf of his wife, and when the case came on to be heard, the learned chancery judge manifestly suspected the good faith of complainant as to his domicile in Mississippi, where incurable insanity is a ground for divorce, instead of Louisiana where divorce is not granted for insanity. Sections 138, 139, Dart's Louisiana Civil Code, 2nd Ed., Vol. 1. The Court asked the appellant this question: "You say you never decided to make this your legal residence until you discovered by talking to the drug store man that there was a ground for divorce in Mississippi on insanity?" Answer: "I had been living here at that time for three or four months already." And, also this question by the court: "And if you were to get a divorce, you would leave?" Answer: "I don't intend to leave. I am going to stay here." The conversation at the drug store, to which

the court referred, was on a Sunday afternoon in Picayune some time about June 1944, while he was rooming at the Ford rooming house in Picayune. In the course of this allegedly casual conversation, appellant then learned for the first time, from a voluntary and unsolicited statement of the druggist, that divorce could be obtained in Mississippi from his wife because of her incurable insanity, he said. He then got in touch with an attorney who confirmed this information, resulting in the filing of the suit under consideration. Appellant was corroborated in some respects of his testimony relative to the establishment of a Mississippi domicile, by the proprietor of the rooming house, Mr. Ford, and also by a roomer therein, and by an old friend residing in Slidell, Louisiana. This evidence would have been conclusive upon the chancery court, since it was uncontradicted directly by any witnesses; except for the discrepancies and inconsistencies within the evidence itself; and the troubling absence of the testimony of the druggist, supra; and the lack of intelligent consistency in the appellant's own testimony.

The matter of domicile is governed in this State by such cases as May v. May, 158 Miss. 68, 130 So. 52; Smith v. Smith, 194 Miss. 431, 12 So. (2d) 428; Hairston v. Hairston, 27 Miss. 704, 61 Am. Dec. 530; Smith v. Deere, 195 Miss. 502, 16 So. (2d) 33. From these cases, it appears that to constitute complainant an actual bona fide resident within the state for one year next preceding commencement of a divorce suit, there must have been actual residence voluntarily established within the State, with bona fide intention of remaining here, if not permanently at least indefinitely; and that a domicile, once established, continues until another is acquired, and cannot be considered lost or changed until a new one is acquired by removal to a new locality with the intent to remain there, as stated above, and to abandon the old without intent to return thereto. Section 2736, Subsection (b), Code 1942, provides that: "In any case where the proof shows that a residence was acquired in this state with a purpose of

securing a divorce, the court shall not take jurisdiction thereof, but dismiss the bill at the cost of the complainant.'' The final decree adjudicated that the complainant (appellant here) ''is not a bona fide citizen of the State of Mississippi and that he attempted to acquire his residence in Mississippi for the purpose of obtaining a divorce against his insane wife who is confined in the state hospital in Jackson, Louisiana, and that the court has no jurisdiction to try said cause.'' The bill was dismissed at cost of complainant, who appealed here.

As stated, except for the defects, to which reference was made above, in the testimony of appellant and the discrepancies and inconsistencies in the evidence otherwise, the proof in the record without contradiction would have required the chancellor not to reject it. In Tarver v. Lindsey, 161 Miss. 379, 137 So. 93, we have said, in effect, that where the testimony of intelligent witnesses is undisputed, is reasonable, and in harmony with physical facts, and facts of common observation, and witnesses are unimpeached, the trier of facts must act on the testimony. It can hardly be said here that appellant was an intelligent witness, as he became entangled and confused, and his statements were not impressive and convincing; and especially was he uncertain as to his dates with reference to the time of the establishment of his purported domicile in Mississippi—at one time claiming such domicile to have been established prior to his registration in 1943, and at another time subsequent thereto and to his payment of poll tax for 1943. The corroboration was not strong enough, we think, to reinforce appellant's testimony adequately enough to overcome these difficulties. So, we do not think that the testimony in the case at bar measures up to the requirements of the cited case.

Therefore, we do not reverse the chancellor and render a decree here for appellant, that he has satisfactorily demonstrated the establishment of his domicile in Mississippi as required by law. But, we do reverse the decree of the chancellor dismissing the original bill, and

remand the cause for further investigation as to the domicile in Mississippi. The testimony of the druggist would be of material interest here, upon which the good faith of the appellant so largely depended, because appellant ascribed to the druggist the inception of the idea of his obtaining a divorce from his wife, and its suggestion to him. Why he was not introduced as a witness does not appear in the record. It also seems obvious to us that other persuasive evidence could be obtained on the issue here involved. Under such conception of the situation, we do not act finally on the state of facts so inadequately developed in material details in the record before us, and, therefore, as stated, reverse and remand the case for further development of pertinent facts, more cogently and fully, on the issue here involved. Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789. See also Planters Bank v. Courtney, Smedes & M. Ch. 40.

Reversed and remanded.

**Sydney Smith, C. J.,** did not participate in this decision.