## SKELTON *v.* SKELTON.

No. 41124 April 27, 1959 111 So. 2d 392

*Ebb. J. Ford, Jr.,* Gulfport, for appellant.

*English Lindsey,* Gulfport; *Floyd & Holleman,* Gulfport and Wiggins, for appellee.

McGEHEE, C. J.

This appeal presents for decision two questions. First, whether the Chancery Court of Harrison County, Mississippi had jurisdiction of the subject matter and territorial jurisdiction of the parties and second, whether or not the appellee, Richard Curry Skelton, Jr., made sufficient proof to entitle him to the decree of divorce grant-

ed by the trial court on the sole issue of whether or not the appellant, Mrs. Adelle M. J. Skelton had been guilty of habitual cruel and inhuman treatment of him within the meanings of that term as defined by the former decisions of this Court.

The appellee was born in Key West, Florida, and he graduated from high school there. At an early age he enlisted in the Naval Coast Guard. In 1946 his parents moved from Key West, Florida to a place on Jones Street in the City of Gulfport, Mississippi. The appellee made the downpayment on the purchase of their home there and paid $25 per month thereafter on the purchase price thereof for a period of six years.

At the time of the filing of the instant suit on October 19, 1957, the appellee had not resided in the State of Florida since August 6, 1956. Shortly before he left Key West, Florida he and the appellant had separated and he had carried her and their adopted son, who was her natural child by a former marriage, to the home of her parents at Islamorado, Florida. They had been renting a furnished apartment at Key West, Florida. After their separation the appellee was assigned to the coast guard cutter Matagorda at Honolula, Hawaii, and he was located there at the time he signed and swore to the bill of complaint in this cause.

The proof shows that prior to this last enlistment in the coast guard the appellee had spent his leaves with his parents at Gulfport, Mississippi; that he had been formerly registered for the selective draft service with the local draft board at Gulfport; that he had worked part of the time between one enlistment and another as an employee of the Mississippi State Highway Commission at Gulfport; and that when he registered for the enlistment which resulted in his being assigned to Honolula, Hawaii, he went from Gulfport to the City of New Orleans, Louisiana for enlistment since that was the nearest naval base at which he could enlist for coast

guard service and gave Jones Street, Gulfport, Mississippi, as his address and place of residence. He testified that it has been his intention all the while that upon retirement from the coast guard service he will return to Gulfport to live. ■■ ■ We have concluded that since the appellee had been away from Florida since August 6, 1956 and was entitled to select a domicile and place of residence somewhere, and has never been a registered and qualified elector anywhere we are unable to say that the trial court was manifestly wrong in retaining jurisdiction of this suit for divorce.

As to the allegations of habitual cruel and inhuman treatment of the appellee by the appellant, the proof discloses that his primary complaint was that she drank beer to such an extent that she gained from 165 pounds to approximately 200 or 210 pounds, but that the appellee purchased a lot of this beer for her by the case at the coast guard base, and he admitted that he participated in drinking the beer but to a less extent than she did. Moreover, the record shows that the father of the appellee drank beer with both the appellant and the appellee, which beer had been purchased at the place aforesaid.

As to the appellant's having gained in weight from 165 pounds to approximately 200 pounds, it will be observed that she was not underweight when he married her.

The appellee further testified that when he would come home in the evenings a few minutes late, the appellant would cry and complain that he had been off somewhere with some other woman, but he did not allege in his bill of complaint nor testify on the trial that she ever accused him of being guilty of any specific act or acts of immorality. He did not complain in his testimony that she was even quarrelsome or abusive in her attitude toward him during their married life of approximately two years. His testimony did not disclose any habitual

cruel and inhuman treatment toward him such as would be calculated to impair his health or endanger his life. In fact he was not at home enough for his health to have been materially affected by any habitual conduct on her part. To quote his own words, he testified: "If I was a few minutes late getting home, she would be waiting and crying under the assumption that I had been out to see another woman, which was untrue;" and further that she would not have supper prepared for him, and that he would sometimes have to cook his own supper and his own breakfast; and that she was indifferent to her own personal appearance. Nevertheless, the record shows that she had been able to hold a position of employment as cashier at a restaurant for a long period of time.

One or more other instances were complained of but which, in our opinion, did not constitute *habitual* cruel and inhuman treatment. He claimed that the course of conduct hereinbefore mentioned had the effect of making him nervous and that he had lost about eleven pounds in weight in a one and one-half-year period.

In the case of Stringer v. Stringer, 209 Miss. 326, 46 So. 2d 791, this Court, quoting Judge Amis in his work, "Divorce and Separation in Mississippi," announced the rule to be as follows: "The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by the proof."

We do not think that any of the former decisions of this Court relied upon by the appellee to sustain the granting of the divorce to him are controlling in the instant case. Nor do we think that the proof of habitual cruel and inhuman treatment relied on by the appellee

is sufficient to comply with the holding in the case of Humber v. Humber, 109 Miss. 216, 68 So. 161.

But we are not reversing the chancellor upon a finding of fact based on conflicting testimony; we merely hold that assuming that all the appellee and his witnesses testified was true and correct, the proof is still insufficient as a matter of law to establish the ground of divorce relied on.

The appellant has been receiving a compulsory allotment of $157.10 per month from the United States Government in connection with the appellee's employment with the naval coast guard, and without which allotment she would have been entitled to alimony under the facts of this case, but she did not pray for an allowance of alimony.

We would affirm the decree of the chancellor wherein he held that he had jurisdiction of this case, but we reverse the decree and render judgment here for the appellant upon the merits of his complaint against her as to habitual cruel and inhuman treatment. Compare Hoffman v. Hoffman, 213 Miss. 9, 56 So. 2d 58, but where the factual situation is materially different.

Reversed and judgment here for appellant.

*Hall, Lee, Holmes,* and *Ethridge, JJ.,* concur.