Willie E. WELCH, Plaintiff,

v.

Mrs. Olwine P. LEWIS, Executrix of the Estate of James Paul Lewis, Deceased, Defendant.

No. E–C–19–60.

United States District Court
N. D. Mississippi, E. D.

June 20, 1960.

Carter & Van Every, Columbus, Miss., for plaintiff Welch.

Thomas J. Tubb, West Point, Miss., for defendant Lewis.

CLAYTON, District Judge.

The complaint filed in this cause by Willie E. Welch alleges that he is a resident citizen of Mississippi, and that the defendant, Mrs. Olwine P. Lewis, Executrix of the Estate of James Paul Lewis, deceased, is a non-resident of the State of Mississippi and a resident citizen of Macon, Bibb County, Georgia. Against this complaint defendant filed a motion to dismiss for want of jurisdiction, alleging that the defendant is a resident citizen of the State of Mississippi and that, therefore, there is no diversity of citizenship necessary to give this court jurisdiction of the cause of action stated in the complaint.

1) James Paul Lewis, the decedent, was at the time of his death a Captain in the Air Force on active duty at Columbus Air Force Base in Mississippi. He was a native and a citizen of Tishomingo County, Mississippi, when he joined the Air Force, and thereafter was continuously in the Air Force until his death. Each change of station for him was under orders of the Air Force. While he was stationed at Robbins Field, near Macon, Georgia, he married the defendant, who was a native of Georgia, and acquired a residence in Bibb County, Georgia, which he owned at the time of his death. He and the defendant lived in this residence for about two months while he was on duty in Georgia. During his service he had bought one other residence, but had sold it before his death. At the time of his death, he owned real estate in Tishomingo County, Mississippi, which he had acquired by inheritance and other real estate in Lowndes County, Mississippi, which he acquired by purchase. He also owned an interest in a partnership business in Lowndes County, Mississippi. During his lifetime, he expressed the purpose of building a home on the Lowndes County land and he had plans for this home. He sought the assignment to the Columbus Air Force Base in order to be in Lowndes County when he retired from the service, which, had he lived, would have been about one year after the date of his death. His plans were to engage in a partnership business with his brothers, who moved to Columbus when the decedent was transferred there. The decedent was a Mason and a Shriner and wrote his will in connection with Masonry. After his death, the defendant was advised of the will and a judge in Georgia prepared all papers in connection with its probate in Bibb County, Georgia. Mrs. Lewis signed these papers, which alleged that she was a citizen of Bibb County, Georgia. She was appointed Executrix, and as such, filed a suit in this court in which she alleged that she was a resident citizen of Bibb County, Georgia. This case was nonsuited. Mrs. Lewis and her children lived with the decedent in Columbus, Mississippi, at the time of his death, and they have continued to live there since. She does not know where she will live in the future and has no definite plans in that regard.

2) In Smith v. Smith, 194 Miss. 431, 12 So.2d 428, 429, a man who was inducted into the military service while he was a citizen of Ohio, was stationed at Camp Shelby, Mississippi, under Army orders, and filed suit for a divorce in Forrest County, alleging that he was a citizen of Mississippi and had been an actual bona fide resident for one year next preceding the filing of the suit. In affirming a denial of relief by the trial court, based solely on the ground of no jurisdiction on a finding that complainant was not a citizen or actual bona fide resident of the state for one year next preceding the filing of the bill of complaint, the Supreme Court of Mississippi said:

"To constitute complainant an actual bona fide resident of Forrest County there must have been, (1) an actual residence voluntarily established in said county, (2) with the bona fide intention of remaining

there, if not permanently, at least indefinitely. * * *

" * * * Complainant's residence in that county was not voluntarily founded by him, but under the compulsion of military orders. In the meantime, he is not free to remain in Hattiesburg, and in fact had been stationed elsewhere for some time preceding the hearing. He did not select this place of residence even though it is his intention so to do at some future date when a freedom of choice is accorded him at the completion of his military service. Harris v. Harris, 205 Iowa 108, 215 N.W. 661; Lowe v. Lowe, 150 Md. 592, 133 A. 729, 46 A.L.R. 983; Pendleton v. Pendleton, 109 Kan. 600, 201 P. 62; Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516; Dicks v. Dicks, 177 Ga. 379, 170 S.E. 245; 17 Am.Jur.Divorce & Separation, Sec. 263, p. 287; 27 C.J.S. Divorce, § 76, p. 648, Nelson, Divorce & Separation, Secs. 42, 43."

When decedent entered the service he was a citizen of Tishomingo County, Mississippi. Each change of station (or place of residence) thereafter was under the compulsion of orders issued by the Air Force. Hence, he never acquired citizenship anywhere else before his death, and his citizenship remained in Tishomingo County, Mississippi.

3) It is well settled under Mississippi law that when a woman marries, her domicile, and thereafter her legal residence, becomes that of her husband. Weisinger v. McGehee, 160 Miss. 424, 134 So. 148; Bilbo v. Bilbo, 180 Miss. 536, 177 So. 772; Patrick v. Bank of Tupelo, 169 Miss. 157, 152 So. 838. Since Captain Lewis' legal residence, at the time of his death, was Tishomingo County, Mississippi, this was also the residence of Mrs. Lewis, the defendant.

4) "Ordinarily the personal citizenship of an executor or administrator controls where a claim of federal jurisdiction or an action by or against him is based on diversity of citizenship of the parties. The rule is applicable irrespective of the citizenship of persons interested in the estate as creditors, distributees, legatees, or otherwise, and without regard to the state in which the letters testamentary or of administration were issued." 54 Am.Jur. 726. See also Rodgers v. Irvine, D.C.Va.1957, 161 F.Supp. 784, affirmed Grady v. Irvine, 4 Cir., 254 F.2d 224, certiorari denied 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60. The citizenship of Mrs. Lewis, at the time this suit was filed, controls as to whether or not there is diversity of citizenship, and not the state in which the estate is being administered. As aforementioned, Captain Lewis was a citizen of Mississippi at the time of his death, and, as has been said, so was Mrs. Lewis.

5) Since Captain Lewis died, his widow has not changed her place of residence from Mississippi to Georgia. Only two things have occurred in that time which have a bearing on the disposition of the motion now before the Court. These are that Mrs. Lewis alleged in the pleadings necessary to the probate of her late husband's will that she was a citizen of Bibb County, Georgia, and she made this same allegation in a case filed in this court. These allegations were of a general or conclusory nature and are contrary to the various indicia of residence and citizenship previously stated. These allegations are not, as has been suggested by plaintiff, with no authority cited to support the suggestion, sufficient to estop defendant in urging her motion here. In a case where the husband died intestate in Chicago and was buried in the District of Columbia, where a large part of his estate consisted of bank deposits in banks in the District of Columbia, his widow filed a petition in the administration of this estate, alleging that the decedent was a resident of the District of Columbia at the time of his death. After the first and final account was filed, the widow discovered that she would be the sole distributee under Illinois law, but that under the laws of the District of Columbia the deceased's sister would be entitled to an equal share. On her petition, alleging that deceased

was a resident of Illinois at the time of his death, the Supreme Court of the District of Columbia cancelled the account and directed payment of the entire surplus to the widow. In that court, estoppel, laches and res judicata were plead. In passing on the appeal perfected in that case, the Court of Appeals for the District of Columbia said:

" * * * We agree * * * with the conclusion that the widow was not estopped from maintaining the claim that decedent was a resident of Illinois at the time of his decease * * *. It is true that her first petition to the court contained the statement that decedent was a resident of the District of Columbia at the time of his decease, which statement was repeated in subsequent proceedings; but it is doubtful whether the widow at the time actually knew that she was subscribing to such a statement, and it is certain that she then had no knowledge of its legal effect in respect to her rights as distributee. Moreover, the administrator was not mislead to his prejudice by reason of these statements, for he was afterward notified of her claim before he presented his account to the court for approval, and consequently before he distributed any part of the residue. * * * The acts and statements of the widow, therefore, should not estop her from maintaining her present demand, nor was she negligent under the circumstances in bringing it to the attention of the administrator. * * * " Claudy v. Duvall, 55 App.D.C. 319, 5 F.2d 381, 383.

See also 31 C.J.S. Estoppel §§ 7, 121, 194, 195 and 386. And, a party is not estopped to deny or contradict allegations made in a former proceeding which he voluntarily dismissed or which resulted in a voluntary non-suit. Lassen v. Lassen, 134 Kan. 436, 7 P.2d 120; Williams v. Spivy, 185 La. 304, 169 So. 347; and Briley v. Roberson, 214 N.C. 295, 199 S.E. 73.

6) It necessarily follows from what has been said that there is, in this case, an absence of diversity of citizenship as between plaintiff and defendant. Jurisdiction here is dependent on diversity of citizenship and since it does not exist, the motion to dismiss should be and is sustained and the order for entry may be prepared in accordance with this opinion.