SMITH, Justice:
This is an appeal from a decree of the Chancery Court of Washington County, dismissing a bill for divorce filed by appellant, Edward Kimber Bannan, against his wife, Mrs. Sharon Christy Bannan.
Appellant is a career naval officer, having been graduated from the United States Naval Academy at Annapolis in 1959. When he entered the Academy in 1955, he was 18 years of age and lived with his parents who were then residents of New Jersey. He has served continuously since his graduation as a commissioned officer in the Navy.
In January 1960, he was married at Annapolis, Maryland. In March 1960, his parents moved to Greenville, Washington County, Mississippi, where they have made their home ever since. Under orders of the Navy, he has been stationed, from time to time, in various parts of the country. On August 25, 1965, he filed a bill for divorce in the Chancery Court of Washington County alleging that his wife had been guilty of willful, continued and obstinate desertion for more than a year.
The court heard the case and found that the proof established the ground for divorce alleged in the bill, so as to entitle him to a divorce, but dismissed the bill upon the ground that the court did not have jurisdiction because appellant had not established that he was, and had been for more than a year, a resident of Washington County, Mississippi.
The case was uncontested and appellee has not appeared here, nor has any brief been filed on her behalf in this Court.
The bill alleges:
“ * * * (Appellant) is a graduate of the United States Naval Academy and *254 an officer of the regular Navy, whose designated permanent address is that of his parents in the City of Greenville, Washington County, Mississippi, has been such since the year 1960, and complainant alleges, therefore, that he is a resident citizen of Washington County, Mississippi, and has so resided, and has been such for more than one year prior to the commencement of this suit.”
Appellant’s testimony relevant to the question of residence or domicile is undisputed and is as follows:
Q. Now, where do they (his mother and father) presently reside?
A. Greenville, Mississippi.
Q. When did they move to Greenville, Mississippi ?
A. In March of 1960.
Q. March of 1960 — and have they resided here permanently since that time?
A. Yes, sir.
Q. And that is in Washington County?
A. Yes, sir.
******
Q. Now, at any time during that time (1961), did you come to Mississippi with your wife ?
A. Yes, sir, when I finished my term at Beeville, we came between stations, going from Beeville, Texas, to California. We spent three weeks in Greenville, Mississippi, living with my parents. We brought quite a bit of our household goods and left them.
Q. They were living here (Greenville) at the time ?
A. Yes, sir.
Q. Did you have any intent as to your residence, your permanent residence, and domicile at that time?.
A. Yes, sir. When we were living in Florida, neither of us had a permanent residence listed, so when my folks moved to Mississippi, they lived on Leslane, in Greenville, and I listed that as my legal residence.
Q. Do you have any document of any kind showing that address?
A. Yes, sir, I have a driver’s license I took out when I came back from overseas, and I went back to the Naval Academy, and I took a Maryland driver’s license, and I listed as my legal address 1526 Leslane, Greenville, Mississippi.
Q. What is the date of that license, when was it issued?
A March 29, 1961.
******
Q. Now, Lt. Bannan, what, if anything, was done as to any statement to the Navy as to your residence, and at what time was it done?
A. At the time you had to fill out an emergency data form — that is the one I can think of right off-hand— to put in your flight jacket, if you were killed during aviation, and listed your legal residence, what town, and mine was listed as Green-ville, Mississippi. This was done in Florida during 1960, and again it was filled out in Beeville, Texas, and brought up to date with the entry of one child, and my legal residence was given as my parents’ residence on Leslane (in Greenville).
Q. In other words, that was entered on official Navy records as your domicile and permanent residence?
A. Yes, sir.
Official documentary evidence introduced and appearing in the record, giving 1526 Leslane, Greenville, as appellant’s home address, includes his motor vehicle operator’s *255 license expiring March 1963, and his Navy record emergency data signed July 5, 1961.
There is nothing to indicate an intention on the part of appellant at any time to establish or claim any place other than Greenville as his residence or domicile.
The places where he lived during the years since his graduation from the Naval Academy, other than Greenville, were his duty stations. He did not go to Green-ville under orders. Except for his duty stations, his only home, in the non-technical sense of that word, was with his parents. He left his furniture with them and obviously considered their Greenville home as his “legal residence.” This is language a layman would use in referring to his domicile. For a man whose life is under the orders of a military service, we think that there was little more that he could have done to indicate an intention to make Greenville his home. This is supported by his uncontradicted testimony and by all of the relevant circumstances. A man must have a domicile somewhere, and we think the evidence was sufficient to show an abandonment of his domicile of origin and the selection of Greenville as his domicile of choice. It would indeed be an unwarranted hardship upon those who make a career of the military service to exact so strict a standard of them or to impose such rigid requirements, as to make it virtually impossible for them to establish a legal residence or domicile and enjoy the important privileges and advantages which would result.
There is no suggestion in this case that there was a violation of Mississippi Code Annotated section 2736(b) (1956), which provides that if the proof shows that a residence was acquired in the state for the purpose of securing a divorce, the court shall not take jurisdiction, but shall dismiss the bill.
We think that the domiciliary requirements of the divorce statute were sufficiently met by the evidence, and that the bill should not have been dismissed. This does no violence to established law relating to the acquisition of a domicile, and relates merely to the interpretation of un-contradicted testimony, and to the quantum of proof required under the circumstances of this case.
The decision in Smith v. Smith, 194-Miss. 431, 12 So.2d 428 (1943), which is suggested as having been the basis for the chancellor’s conclusions, turned upon the fact that the presence of Smith at the place claimed as his domicile was not voluntary, but came about under the compulsion of military orders.
The chancellor has held, upon the evidence, that appellant is entitled to a divorce, and the cause is remanded for the entry of a decree of divorce and the making of an allowance for the support of the minor children of the parties, as prayed in the bill.
Reversed and remanded for further proceedings consistent with opinion of the Court.
All Justices concur, except INZER, J., who dissents.