INZER, Justice
(Dissenting) :
With due deference to my colleagues, I must dissent with the majority decision in this case.
It is my opinion that the effect of the majority opinion is to hold that a person in military service who is over twenty-one years of age and married, and whose domicile is in a state other than Mississippi, may change his domicile and make the home of his parents in this State his domicile, by designating their address as his permanent address. This holding is not in keeping with the former decisions of this Court.
It is stated in the majority opinion that the indication is that the trial court relied on the case of Smith v. Smith, 194 Miss. *256 431, 12 So.2d 428 (1943). This indication evidently comes from the brief of appellant because the record does not reflect that the court relied upon this case. In any event, this Court’s holding' in Smith, supra was that there was no evidence of any affirmative acts by Smith indicating a present intent to establish a domicile in Mississippi. The same is certainly true in this case. The Court said in that regard:
To constitute complainant an actual bona fide resident of Forrest County there must have been, (1) an actual residence voluntarily established in said county, (2) with the bona fide intention of remaining there, if not permanently, at least indefinitely. While complainant’s own testimony as to his intention is relevant, the unwisdom of accepting as sufficient a mere assertion thereof is recognized in the requirement that it be competent only when it is employed as an incident, albeit a necessary incident, to give meaning to the act of setting up residence. (194 Miss. at 434, 12 So.2d at 429.) (Emphasis added.)
Appellant cites and relies upon Skelton v. Skelton, 236 Miss. 598, 111 So.2d 392 (1959), wherein the following statement is found:
The proof shows that prior to this last enlistment in the coast guard the ap-pellee had spent his leaves with ' his parents at Gulfport, Mississippi; that he had been formerly registered for the selective draft service with the local draft board at Gulfport; that he had worked part of the time between one enlistment and another as an employee of the Mississippi State Highway Commission at Gulfport; and that when he registered for the enlistment which resulted in his being assigned to Honolulu, Hawaii, he went from Gulfport to the City of New Orleans, Louisiana, for enlistment since that was the nearest naval base at which he could enlist for coast guard service and gave Jones Street, Gulfpor.t, Mississippi, as his address and place of residence. He testified that it has been his intention all the while that upon retirement from the coast guard service he will return to Gulfport to live. We have concluded that since the appellee had been away from Florida since August 6k 1956 and was entitled to select a domicile and place of residence somewhere, and has never been a registered and qualified elector anywhere we are unable to say that the trial court was manifestly wrong in retaining jurisdiction of this suit for divorce. (236 Miss. at 601-602, 111 So.2d at 393.) (Emphasis added.)
It is my interpretation of the law from the foregoing and other decisions of this Court that the finding of the chancellor relative to the facts in this case should not be reversed unless he was manifestly wrong. The majority opinion, in effect, holds that the evidence in this case is subject to interpretation. This being true, the chancellor had the duty to interpret the evidence, and in so doing, he could consider not only what appellant said, but also what he did not say. The evidence shows that at the time appellant’s parents moved to Mississippi, he was over twenty-one years of age, married and resided in Florida, where he had been sent on Naval order. His domicile was fixed at that time in New Jersey. It cannot be said that the fact that his parents moved to this State in any way affected appellant’s domicile. After his parents moved to Mississippi, appellant listed his permanent address as that of his parents for the reason, as he stated, that neither he nor his wife had any permanent address. The proof in this case shows that at the time this was done, he had never been in Mississippi, and he does not say that he had any intention of making Mississippi his home then or in the future; it was evidently done for convenience. Insofar as the record reveals, the only time that appellant ever spent in Mississippi prior to filing this suit was a three-week period he spent in Greenville visiting his parents between duty assignments. He does not say that he had at *257 that time decided to make Greenville his permanent home; neither does he say that he intended to return and make it his home. In addition to these facts, the chancellor could consider that appellant’s father’s testimony failed to show any act or statement of his son that would indicate an intention on the part of his son to make Mississippi his home.
The fact that Mrs. Bannan did not contest this suit in the trial court or file a brief in this Court is not controlling. The State of Mississippi has an interest in all divorce cases; it favors marriage, and is interested in the permanency of all marriages. The duty rests upon the trial court as a representative of the State to see that public interest is fully protected. In uncontested divorce cases, the court must look after the public interest as best it can, and in all divorce cases, the court must, among other things, be careful to see that it has jurisdiction of the parties and subject matter of the suit. Thus, in dismissing the bill of complaint in this case, the chancellor was exercising a duty placed on him by law, and this Court should not reverse his findings unless it appears that he was manifestly wrong. Amis, The Law of Divorce and Separation in Mississippi Chapter 1 § 17 (1935).
The majority opinion did not hold that the chancellor was manifestly wrong in his interpretation of the evidence; it merely interpreted the evidence most favorable to the appellant. It is my opinion that when the evidence in this case is objectively examined, it may be readily seen that the chancellor reached the right conclusion. His evaluation of the evidence should control, and his action in dismissing the bill of complaint in this case was not error.
For the reasons stated, I must disagree with the decision in this case, not because I think it will in any way affect the decision reached, but in hope that in future cases involving the same issues, that this Court will relegate this case to its proper place, the library of forgotten cases.